STANDISH MANUFACTURING CORP., Plaintiff *v.* MAXNAT REALTY CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, December 22, 1947.

*Morris H. Horowitz* for plaintiff.

*Henry Streisfeld* for defendant.

FROESSEL, J. The plaintiff brought this action against its landlord for a declaratory judgment in connection with a lease for loft space, dated April 16, 1945. The lease provides in part that: " * * * the Tenant shall take good care of the premises and shall, at the Tenant's own cost and expense make all repairs and at the end or other expiration of the term, shall deliver up the demised premises in good order or condition, damages by the elements excepted." Paragraph " 6th " of the lease provides that the landlord or its agent shall have the right to enter the plaintiff's premises at all reasonable hours for the purpose of examining the same, or making such repairs or alterations therein as may be necessary for the safety and preservation thereof. Paragraph " 18th " requires the tenant to pay to the landlord the water rent or charge for water used or consumed on said premises, and the expense for the setting of a water meter therein, if same shall be required.

The complaint alleges that a dispute has arisen between the plaintiff and the defendant with respect to the obligations of

the respective parties in connection with the repairs and installation of the water meter. Plaintiff claims that under the foregoing provisions of the lease it is obligated to make only the ordinary inside repairs, yet the defendant has made a demand upon the plaintiff to make alleged capital improvements and structural repairs which, it is said, were never within the contemplation of the parties. It is also alleged in the complaint that the defendant has served upon the plaintiff a thirty-day notice terminating the lease, and has threatened to institute summary proceedings on December 15th to evict the plaintiff, which the defendant agreed on the argument of this motion to withhold pending the determination of this motion.

The plaintiff now moves for an order restraining the defendants, its agents, etc., from instituting any summary proceedings against it, except for nonpayment of rent, pursuant to the commercial rent laws.

The affidavit submitted in opposition not only impugns the good faith of the plaintiff, but requests that it be also used as the basis to dismiss the complaint in that it does not state facts sufficient to constitute a cause of action for a declaratory judgment. Section 280 of the Civil Practice Act requires that an objection to a pleading " must be distinctly specified *in the notice of motion.*" (Italics mine.) We have no notice of motion here in which an objection to a pleading has been made, and a request in an affidavit in opposition to a motion for a temporary injunction is not a notice of motion. It is no more a notice of motion than an oral notice to dismiss a complaint for insufficiency upon the argument of a motion for different relief. A notice of motion or order to show cause must be served in order to place the defendant in a position to obtain such a dismissal. (*Bull* v. *Stitchman,* 189 Misc. 590.)

The motion is denied. Plaintiff here merely seeks legal advice. The notice of termination is based upon (a) overflowing water which is clearly within the control of the tenant, (b) failure to repair windows, sills, sash and weather stripping, failure to repair and patch the floor, and failure to repair a toilet, and (c) failure to install a water meter. These are not difficult matters to determine in the light of the written lease and if the parties themselves cannot do so in view of their real controversy as to what the rental should be, the Municipal Court is fully capable of doing so.

Under all the circumstances, the situation here presented does not warrant the drastic remedy of injunctive relief.

Submit order.