IDA KATZEN et al., Individually and as Stockholders of Central Park Towers, Inc., Suing on Behalf of Themselves and All Other Stockholders of Said Corporation and for the Benefit of Said Corporation, Plaintiffs, *v.* CENTRAL PARK TOWERS, INC., et al., Defendants.

Supreme Court, Special Term, Bronx County, January 28, 1955.

*Maurice Schwalb* for defendants.

*William Kapelman* for plaintiffs.

BRADY, J. Application by defendant Jampol to change place of trial from Bronx County to New York County, pursuant to section 183 of the Civil Practice Act and rule 146 of the Rules of Civil Practice.

Section 183 of the Civil Practice Act is mandatory as to the requirement therein contained that "Every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annuling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real * * * *must* be tried in the county in which the subject of the action or some part thereof is situated". (Emphasis supplied.)

The alternative relief prayed for in the complaint herein affects "an estate, right, title, lien or other interest in real property".

No New York case involving a change of venue has been called to the attention of the court, and research does not reveal any, in which the relief affecting any interest in real property has been demanded in the alternative in a complaint. This situation, however, does not affect the disposition of the case. If the trial were to be had in Bronx county, and if it transpired thereon that the only relief which could be granted plaintiffs would affect the real property involved, then the " must " provision of section 183 of the Civil Practice Act, would, in fact and ultimate effect, have been disregarded and nullified.

One discernible purpose of the legislative intent in choosing mandatory language in enacting the statute as to the venue of actions relating to land is to have the records of the county in which the land involved is situated, show all matters that in any way affect the title to such land (cf. 4 Carmody on New York Practice, § 1157; *Czarnowsky* v. *City of Rochester,* 55 App. Div. 388, affd. 165 N. Y. 649).

Real estate and interests therein are definitely involved in the complaint and " The location of the real estate, if within this State, controls the place of trial." (*Acker* v. *Leland,* 96 N. Y. 383, 386.)

Upon the foregoing considerations, the application is granted. Settle order.