JOSEPH J. EINHORN, Plaintiff, *v.* PERMA REALTY CORP., Defendant.

Supreme Court, Special Term, Westchester County, June 1, 1955.

*Sidney Einhorn* for plaintiff.

*Curran, Mahoney, Cohn & Stim* for defendant.

EAGER, J. This is an action by a tenant to reform a lease covering certain offices located in a business and commercial building situated in the borough of Manhattan. The lease was executed in January, 1952, for a term of three years, and the plaintiff seeks to eliminate from the lease a certain printed clause claimed to have the effect of depriving the plaintiff of his rights as a statutory tenant under the provisions of the Business Rent Law. The plaintiff says that the particular clause was included in the lease by mutual mistake " since I was completely unaware that a clause with such an effect was in the lease and I am sure that Mr. Blair (vice-president of the landlord's agent) had no intention of inserting such a clause in the lease "; or that if the clause was not the result of mutual mistake, " then the only conclusion is that it was inserted by fraud of the landlord since there was never any discussion or agreement between us to include in the lease any provision which in any way terminated my rights to remain as a statutory tenant in the premises upon the expiration of the lease ".

There is pending against the plaintiff summary proceedings brought in the Municipal Court of the City of New York to evict the plaintiff, the proceedings being based upon subdivision (g) of section 8 of the said Business Rent Law (L. 1945, ch. 314, as amd.). The plaintiff now moves in this Supreme Court action to restrain the defendant landlord, during the pendency of this action, from proceeding further with the said summary proceedings to evict him. The court has concluded, however, that this motion should be denied.

In the first place, the plaintiff does not factually present a clear showing that he will eventually succeed in this action. He is an attorney at law, and presumably read the lease before signing it. He had signed substantially the same form of lease

in the years 1943, 1945, 1947 and 1949, covering earlier terms of letting of the same office space and containing the same clause. The 1952 lease sought to be reformed was similar to the prior lease executed in the year 1949. The tenant in his moving affidavit states that there was not, prior to the execution of the lease, any discussion or agreement with the landlord or the agent affecting his rights to remain as a statutory tenant and argues from this that, therefore, the clause in question must have been included in the lease by mutual mistake or by fraud of the landlord. This does not necessarily follow under the circumstances, and, while it appears that there may be a question for the trier of the facts, the plaintiff does not present the clear factual showing required to justify the drastic remedy of a temporary injunction.

Finally, and in any event, it appears that the plaintiff has interposed an answer in the summary proceedings interposing several affirmative defenses, including a specific and distinct defense based upon the mutual mistake or fraud alleged in this action as the basis for reformation of the lease and urged as a ground for the temporary injunction. The very question now before the court has thus been presented to the Municipal Court for determination. The Municipal Court has jurisdiction in the summary proceedings to entertain on the merits and to pass upon an equitable defense (see *Dilbert Bros.* v. *Foreman,* 91 N. Y. S. 2d 655; *De Vita* v. *Pianisani,* 127 Misc. 611, and *H. B. Welsh, Inc.,* v. *William Shapiro, Inc.,* 18 N. Y. S. 2d 363), and if the plaintiff is able to establish mutual mistake or fraud, it is unnecessary to invoke the jurisdiction of this court. I have, heretofore, had occasion to say that " it may safely be stated that it is the general rule that the supreme court should not restrain a pending summary proceeding except in a case where the circumstances indicate that the respondent (tenant) has clear, equitable grounds entitling him to retain possession and which may not be effectively interposed as a defense in the local court." (*Neuman* v. *Namposa Realty Corp.,* 119 N. Y. S. 2d 835, 838.) I adhere to this rule, so therefore, the motion is denied. The stay contained in the order to show cause is vacated.

Submit **order on notice.**