Roscoe E. Elsworth, J.
The plaintiff’s action is brought for the foreclosure of two mortgages. In the first separate cause of action he seeks foreclosure of. a mortgage covering real property situate in Dutchess County and in the second foreclosure of a mortgage covering real property situate in Ulster County.
Each of said mortgages is between the same parties; each bears the same date of October 23, 1957; each was given as security for the payment of notes aggregating $7,500 in 48 monthly installments of $156.25; each cause of action is predicated upon nonpayment of monthly installments due on November 23, 1957. It appears from the answer that the giving of the notes and mortgages arose out of a transaction for the sale and purchase of the capital stock of a corporation holding an automobile dealer’s franchise. In defenses pleaded, and directed to both causes of action, the said transaction involving the two mortgages is sought to be voided and foreclosure of the mortgages defeated on the ground of fraud.
The defendants move here to change the venue of the second cause of action relating to the Ulster County property from the County of Dutchess to the County of Ulster. They assert that they are entitled to such relief as a matter of right under section 183 of the Civil Practice Act which provides that an action to foreclose a mortgage upon real property, along with certain other real property actions enumerated therein, must be tried in the county in which the subject of the action or some part therof is situated.
The issue raised is more novel than complex when viewed, as it must be, in the light of today’s trend toward liberalized practice. To grant the relief which the defendants ask would *147 rqean that two trials of the same issues must he had where one trial can suffice — and this without prejudice or hardship to the defendants. The sanctioning of separate trials would not be in keeping with progress toward more simplified procedure. Nor is it required that such a holding be made by reason of the provisions of said section 183. While they may perhaps appear mandatory they are not to be so construed in the instant situation.
In the ordinary run-of-the-mill foreclosure, trial in the county which is the situs of the property is mandatory and properly so. A fundamental reason for the existence of the statutory rule which readily suggests itself is the keeping of the title record accurate and complete in the county of the property’s location, “ One discernible purpose of the legislative intent in choosing mandatory language in enacting the statute as to the venue of actions relating to land is to have the records of the county in which the land is situated, show all matters that in any way affect the title to such land ”. (Katzen v. Central Park Towers, 207 Misc. 181, 182.) This purpose, however, is not absolutely controlling and without statutory exception for as already recited above section 183 itself specifically provides for trial “ in the county in which the subject of the action or some part thereof is situated”. (Emphasis supplied.) In the case contemplated by the statute of the mortgaged property being in two adjoining counties, original filing and entry of papers in foreclosure can take place in one county only, namely, the county of the place of trial. As a matter of common practice, duplicate or certified copies are used for making a proper record in the adjoining county. The analogy, insofar as the filing of papers is concerned, between foreclosure of a single mortgage covering one property located in each of two adjoining counties and foreclosure of two mortgages each one of which covers a separate property located in adjoining counties, is complete. One situation presents no greater filing problems than the other.
Under the Code of Civil Procedure two foreclosure actions could not be consolidated or tried together where separate parcels of land were involved even though the parties were identical and the respective parcels were in the same county. (5 Wait, New York Practice [4th ed.], p. 179.) This rule no longer obtains. Now under section 96 of the Civil Practice Act ‘1 actions may be consolidated whenever it can be done without prejudice to a substantial right.” (See Down Town Realty Co. v. Simpson, 227 App. Div. 803, 804.) Its co-ordinate section 96-a of the Civil Practice Act gives power to direct joint trial of actions without consolidation. The purpose of the section *148 96 as stated by the Court of Appeals is “ to eliminate technicalities, multiplicities of actions and delays ” (Datz v. Economy Cotton Goods Stores, 263 N. Y. 252, 254). The provision ‘ ‘ should be liberally construed so as to permit consolidation whenever possible without injustice to any of the parties.” (Bershadsky v. Harvilla, 279 App. Div. 701.) “ The liberal provisions of section 96 of the Civil Practice Act are not to be limited by strict or literal construction, or by reason of mechanical difficulties. The purpose of this section and many others was to commit to the courts a wide discretion in the administration of litigated business.” (Uterhart v. National Bank, 255 App. Div. 859.)
Specific authorization for joinder of causes of action “ independent or alternate ” “ legal or equitable ” by a plaintiff is given in section 258 of the Civil Practice Act. Causes of action based upon matters arising out of the same transaction fall clearly within the purview of the section. (Down Town Realty Co. v. Simpson, supra, p. 803.) Such is the exact factual situation existing here.
The court is mindful that should plaintiff succeed upon both causes of action separate sales would be required in each county to comply with section 506 of the Civil Practice Act. This presents no problem, however, that cannot be handled under proper judicial direction. In fact, under section 506 separate sales are envisioned and authorized where the property foreclosed is situated partly in one county and partly in another and a beneficial sale as a whole cannot be had.
Whatever may have been the particular intent of the Legislature behind the enactment of any of the pertinent statutory provisions which have been considered, there was an over-all objective that each of the same should function and work, one with the other. By the discussion had herein it is believed that such a judicial dovetailing has been effected. Based thereon the defendants’ motion should be and is denied. Such holding, however, is circumscribed by the factual situation existing upon this particular application and is not to be interpreted as sanctioning the joinder or consolidation, without let or hindrance, of any and all foreclosure causes. It is not difficult to visualize attempted joinders which would be judicially frowned on by reason of not being in the interests of justice.
Submit order.