Irving L. Levey, J.
Plaintiff moves to enjoin defendant from commencing summary proceedings to evict' him for alleged breaches of a lease wherein he. is the tenant and defendant is landlord.
*636 Plaintiff anticipates that the defendant will invoke the jurisdiction of the Municipal Court of the City of New York, in commencing said summary proceeding and maintains ‘ ‘ the jurisdiction of the Municipal Court is limited so that it may not afford equitable relief
In H. B. Welsh, Inc., v. William Shapiro, Inc. (18 N. Y. S. 2d 363) (the attorney.for the plaintiff herein, also appeared in that case for the [landlord] appellant), the Supreme Court, Appellate Term, First Department, in a Per Curiam opinion, stated:
“ The Municipal Court of the city of New York has jurisdiction of equitable defenses in summary proceedings ”, citing Edgar A. Levy Leasing Co. v. Siegel (230 N. Y. 634, 645, affd. 258 U. S. 242) ; De Vita v. Pianisani (127 Misc. 611).
“Municipal Courts have no equitable jurisdiction except in this one instance — equitable defenses — to dispossess proceedings ” (Roedmann v. Hertel, 78 Misc. 55, 56).
Section 1425 of the Civil Practice Act specifically authorizes the use of equitable defenses in landlord and tenant summary proceedings (Jones v. Gianferante, 305 N. Y. 135, 139).
It would therefore appear that the plaintiff herein could litigate his defenses,. whether legal or equitable, in the local court (Neuman v. Namposo Realty Corp., 119 N. Y. S. 2d 835, 838).
The Supreme Court should not be called upon to restrain a pending summary proceeding, except in a case where circumstances indicate that the tenant has clear, equitable grounds entitling him to possession, and which may not be effectively interposed as á defense in a local court (Einhorn v. Perma Realty Corp., 207 Misc. 1123, 1125).
In the complaint, a declaratory judgment is also demanded, to the effect that the lease afore-mentioned is in full force and effect and that plaintiff be relieved from any forfeiture claimed by defendant. However, counsel for defendant concedes that the letter, sent to plaintiff canceling the lease with defendant for violations thereof, was' simply meant to be a notice that defendant would proceed to cancel said lease unless the violations mentioned in said letter Avere lifted. Accordingly, plaintiff’s motion for an injunction is denied.