Leoít D. Lazer, J.
Plaintiffs, vendees under a contract for the purchase of a new home to be constructed by the defendant, have instituted an action for specific performance, alleging breach of contract. Defendant has served a 30-day notice upon plaintiffs to vacate other premises owned by the defendant and made available to them as purchasers pending delivery of the new home. Plaintiffs have responded by moving in the specific performance action to stay and enjoin the builder from taking further steps to evict them from their temporary home. Both parties alleged that the other is in breach of the underlying contract of conveyance. The threshold issue on this motion is whether the court may enjoin the threatened eviction proceeding.
It is a well-settled principle that the danger of impending judicial proceedings is not an injury justifying an injunction (Wolfe v. Burke, 56 N. Y. 115) and our Department has reversed a preliminary injunction granted to a tenant on facts which could have served as a defense to a summary proceeding (Geed v. Braunsdorf, 277 App. Div. 1001; see, also, Kienle v. Gretsch Realty Co., 133 App. Div. 391; Einhorn v. Perma Realty Corp., 207 Misc. 1123).
Plaintiffs may raise defendant’s alleged breach of contract as an equitable defense if a .summary proceeding is instituted (Beal Property Actions and Proceedings Law, § 743); move to consolidate such a proceeding with this action (CPLB 602, subd [b]); or they may seek a stay in the forum in which the summary proceeding is actually commenced (CPLB 2201). They may not obtain here the extraordinary remedy of a preliminary injunction (Meda Int. v. Salzman, 24 A D 2d 710).
First Nat. Stores v. Yellowstone Shopping Center (28 A D 2d 873), cited by plaintiffs, was modified by the Court of Appeals, which reversed so much of the order of the Appellate Division as preserved the lease and enjoined the landlord from instituting summary proceedings to evict the tenant (21 N Y 2d 630),
The stay is vacated and the motion is denied.