■ SPELLMAN FOOD SERVICES, INC., et al., Respondents, v DONALD G. PARTRICK et al., Appellants. — In an action, *inter alia,* for (1) a permanent injunction against eviction, and (2) a declaration of the rights of the parties under a certain lease, defendants appeal from an order of the Supreme Court, Queens County (Graci, J.), entered March 8, 1982, which (1) granted the motion of plaintiff Spellman Food Services, Inc., for a preliminary injunction and (2) denied defendants' cross motion to change venue from Queens County to Suffolk County. Order reversed, with $50 costs and disbursements, plaintiff Spellman's motion for a preliminary injunction is denied, and defendants' cross motion for a change of venue is granted. The instant action was brought by plaintiffs, the tenant and operator of a country club restaurant and its prospective vendee, respectively, against the owners of the country club. The gravamen of plaintiffs' action was that the defendants were planning to evict the plaintiff tenant in violation of several provisions in the lease, and that the tenant could not sell its business due to the defendants' plan to evict it. Accordingly, plaintiffs' complaint sought, *inter alia,* a permanent injunction restraining defendants from instituting any action to evict the plaintiff tenant and, in connection therewith, plaintiff Spellman moved for a preliminary injunction. In our view, it was error for Special Term to grant a preliminary injunction. It is well settled that the danger of impending judicial proceedings is not an injury justifying an injunction (*Wolfe v Burke,* 56 NY 115). As a specific illustration of this principle, it has been consistently held that a preliminary injunction restraining an eviction may not be granted in favor of a tenant on facts which may be effectively interposed as a defense in summary eviction proceedings (*Geed v Braunsdorf,* 277 App Div 1001; *Kienle v Gretsch Realty Co.,* 133 App Div 391; *Boyle v Pogs Constr. Corp.,* 74 Misc 2d 307; *Alpern v K & K Leasing Corp.,* 28 Misc 2d 635; *Einhorn v Perma Realty Corp.,* 207 Misc 1123; *Standish Mfg. Corp. v Maxnat Realty Corp.,* 191 Misc 346). Finally, it is our view that Special Term erred in denying defendants' cross motion to change venue from Queens County to Suffolk County. CPLR 503 (subd [a]) provides as follows: "Generally. *Except where otherwise prescribed by law,* the place of trial shall be in the county in which one of the parties resided when it was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county" (emphasis added). Although one of the plaintiffs is a resident of Queens County, this action is one whose venue is "otherwise prescribed by law" (see CPLR 503, subd [a]). Specifically, CPLR 507 provides as follows: "The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated." Since the instant action clearly affects the possession, use or enjoyment of a leasehold in real property, the defendants' cross motion to change venue from Queens County to Suffolk County, where the property is located, should have been granted (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 507.04). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.