■ MOSCHERA & CATALANO, INC., Respondent, v ADVANCED STRUCTURES CORP., Appellant. — Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered November 17, 1983, which denied defendant's motion to change the venue of the action from New York County to Suffolk County, unanimously reversed, on the law, with costs and disbursements, the motion granted and the action transferred to Supreme Court, Suffolk County.

Plaintiff, owner of real property located in Deer Park, Suffolk County, had entered into a lease with defendant, as tenant, concerning 1,400 square feet of space, which was subsequently amended to include the entire premises. The three-year lease contained a renewal option for a similar period to commence in 1979. Following a disagreement between the parties with respect to the tenant's right to renew after 1982, plaintiff brought this action in New York County, where plaintiff's principal office is located, for a declaratory judgment as to the rights and legal relationship of the parties, including whether (1) defendant had an option to renew the lease in perpetuity or whether the right would terminate in August, 1982, (2) the lease was void for lack of mutuality and (3) the lease was void as unconscionable. The second, third and fourth causes of action in the complaint are for rescission of the lease.

CPLR 507 directs that the place of trial of an action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated." Clearly,

the relief sought in this action does affect defendant's use, possession or enjoyment of the property. Any declaratory judgment could affect a termination of the tenant's "possession, use or enjoyment" or interest in the property and the second, third and fourth causes seek to rescind the lease. Therefore, the motion to change the venue from New York County to Suffolk County, where the property is located, should have been granted (see *Spellman Food Servs. v Partrick,* 90 AD2d 791; *Arnold Constable Corp. v Staten Is. Mall,* 61 AD2d 826). We have observed in the past that, "[w]hile some çases have held CPLR 507 does not preclude trial of an action affecting real property from taking place in a county other than one in which the real property is located (*Forde v Forde,* 53 AD2d 779; 2 Weinstein-Korn-Miller, NY Civ Prac, par 507.02), the general rule is to the contrary" (*Inspiration Enterprises v Inland Credit Corp.,* 54 AD2d 839, 840). This same principle has been consistently followed in this department (see *Nassau Hotel Co. v Barnett,* 164 App Div 203, 205, decided under Code Civ Pro, § 982, from which Civ Prac Act, § 183, the predecessor to CPLR 507, was derived). The statute is clear in its direction and, contrary to the holding by Special Term, does not exclude from its intended scope actions involving solely issues of law. Concur — Kupferman, J. P., Asch, Silverman and Kassal, JJ.