■ FAY'S INCORPORATED, Formerly Known as FAY'S DRUG COMPANY, INC., Respondent, v PARK CENTRE DEVELOPMENT, INC., Appellant. [642 NYS2d 103] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not err in granting plaintiff a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630, *rearg denied* 22 NY2d 827; *see also, Waldbaum, Inc. v Fifth Ave. of*

*Long Is. Realty Assocs.*, 85 NY2d 600; *225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.*, 211 AD2d 420, 421; *Matter of Langfur*, 198 AD2d 355, 356).

The court erred, however, in failing to grant defendant's cross motion for a change of venue. In addition to seeking a judgment declaring the rights of the parties under the lease, the complaint also seeks a judgment enjoining defendant from terminating the lease or otherwise taking action to evict plaintiff from the premises. The judgment sought "would affect * * * the possession, use or enjoyment of" (CPLR 507) the subject real property by plaintiff and, thus, is a "local" action that must be brought in Cattaraugus County, the situs county (*see, Spellman Food Servs. v Patrick*, 90 AD2d 791; *cf., Port Bay Assocs. v Soundview Shopping Ctr.*, 197 AD2d 848). Therefore, we modify the order by granting defendant's cross motion for a change of venue from Onondaga County to Cattaraugus County. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Change of Venue.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.