OPINION OF THE COURT
Allen Hurkin-Torres, J.
In this action to foreclose a mechanic’s lien on property lo *259 cated in Kings County, defendant (property owner) asserts that the action must be transferred to New York County because that is the venue contractually designated by the parties for the commencement of all litigation arising under their construction contract. Plaintiff claims that CPLR 507 precludes such a transfer and that venue must remain in Kangs County where the subject property is situated. Notwithstanding the seemingly mandatory nature of CPLR 507, which requires that a foreclosure action be brought in the county where the property is situated, I conclude that a contractual forum selection clause, such as the one at issue here, trumps the statute.
This action has its genesis in a construction contract between defendant 180 Montague Street LLC, the property owner, and plaintiff A.C.E. Elevator Co., Inc. (Ace) — a contract that required Ace to furnish labor, equipment, and materials for the installation of elevators at a property located in Brooklyn, New York. According to Ace, although it was paid $711,597.60, it is still owed in excess of $200,000 for the work it performed at the premises. In view of this, Ace timely filed a mechanic’s lien with the Kings County Clerk. Subsequently, Ace also filed a notice of pendency with the Kings County Clerk and commenced this action in Kings County seeking a judgment foreclosing its lien, as well as related relief. Owner responded with a demand to change venue to New York County, and, upon Ace’s failure to acquiesce in that demand, moved for a change of venue.
In seeking a change of venue, owner points to the parties’ construction contract, which provides that: “Any and all action [sic], proceedings and lawsuits must be brought in the Supreme Court of the State of New York and County of New York unless such action or suit is founded upon a dollar amount that is less than the jurisdictional threshold of the Supreme Court.” Thus, owner argues that this broad forum selection clause is controlling and requires this action to be transferred from Kings County to New York County.
Relying principally upon Joy Co. v McGuire & Bennett (199 AD2d 1015 [4th Dept]), Ace alleges that CPLR 507 mandates that an action to foreclose a mechanic’s lien be brought in the county where the property is situated (here Kings County), and that a forum selection clause may not subvert the statutory mandate. Additionally, Ace argues that a change of venue would be contrary to public policy because placing venue in another county would deprive it of its security interest and reme *260 dies under the Lien Law. Analysis of the issues presented must begin with an examination of the relevant statutory framework.
Pursuant to CPLR 507, “The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated” (emphasis added).
CPLR 501, in turn, provides that: “Subject to the provisions of subdivision two of section 510,[1] written agreement fixing place of trial, made before an action is commenced, shall be enforced upon a motion for change of place of trial.”
Notwithstanding that CPLR 501 authorizes the enforcement of forum selection clauses generally, Ace initially argues that this statute is inoperative when the cause of action, such as here, is governed by CPLR 507. This, it is urged, flows from the mandatory language of CPLR 507, which allegedly creates an inviolable rule requiring an action affecting real property to be commenced only in the county where the property is situated. I disagree.
First, pursuant to the express terms of CPLR 501, a contractual forum selection clause is enforceable except in a situation governed by CPLR 510 (2), which is not relevant here. Hence, applying the interpretive canon of inclusio unius est exclusio alterius,[2] the Legislature’s failure to exempt CPLR 507 from the grasp of CPLR 501 necessarily demonstrates that the statutory scheme does not preclude parties from contractually fixing venue in a foreclosure action. Stated otherwise, had the Legislature intended that a written agreement fixing venue could not be enforced in an action affecting real property, it would have necessarily included a reference to CPLR 507 within the body of CPLR 501 as it did with section 510 (2) (cf., Pajak v Pajak, 56 NY2d 394, 397).
Second, while CPLR 507 does speak in mandatory terms, i.e., it provides that an action affecting real property “shall” be commenced in the county where the property is situated, this is of little significance in determining the interrelationship between CPLR 507 and 501. In this vein, CPLR 503 (a), the statute governing transitory causes of action, similarly speaks in *261 mandatory language, providing that the trial of such an action “shall be in the county in which one of the parties resided when it was commenced.” (Emphasis added.) It is settled law, however, that this mandatory language is trumped by a written agreement fixing venue as authorized by CPLR 501 (see, Callanan Indus. v Sovereign Constr. Co., 44 AD2d 292; see also, Brooke Group v JCH Syndicate 488, 87 NY2d 530; Premium Risk Group v Legion Ins. Co., 294 AD2d 345; Buhler v French Woods Festival of Performing Arts, 154 AD2d 303). By a parity of reasoning, therefore, it is apparent that CPLR 507 does not, because of its use of mandatory language, conflict with the provisions of CPLR 501.
Notwithstanding this, Ace argues that Joy Co. v McGuire & Bennett (199 AD2d 1015, supra [4th Dept]) holds that a foreclosure action may only be brought in the county where the property is situated, even where the parties have contractually selected an alternative venue. Ace’s reliance upon Joy is misplaced.
In Joy the Court stated:
“Because a mechanic’s lien is an encumbrance on real property (see, Matter of Niagara Venture v Sicoli & Massaro, 77 NY2d 175, 180), an action to foreclose such lien must be brought in the county in which the real property is located (see, CPLR 507; Reichenbach v Corn Exch. Bank Trust Co., 249 App Div 539, 541)” (id. [emphasis added]).
While a cursory reading of Joy would appear to support Ace’s interpretation of CPLR 507, closer scrutiny shows otherwise. Examination of the record on appeal in Joy reveals that the Court was not faced with a contractual provision fixing venue. This being so, Joy merely restates the well-established rule that venue in a foreclosure action is determined by the situs of the real property (see generally, Slutsky v Roc-Le Triomphe Assoc., 129 AD2d 879; Moschera & Catalano v Advanced Structures Corp., 104 AD2d 306; Spellman Food Servs. v Partrick, 90 AD2d 791). It cannot, however, be viewed as expressing any opinion regarding the enforceability of forum selection clauses in this genre of litigation since the issue was not presented to the court.
This brings me to Ace’s final contention that enforcement of the forum selection clause would somehow deprive it of its rights under the Lien Law. In this regard, although not clearly enunciated, Ace seemingly argues that CPLR 501 may not harmoniously coexist with other relevant provisions of the Lien *262 Law, CPLR, and RPAPL that govern foreclosure actions (see, Lien Law § 10; CPLR 5103, 6511; RPAPL 231, 1331). This contention lacks merit.
Initially, it is true that Lien Law § 10 and CPLR 6511, respectively, require that a notice of mechanic’s lien and a notice of pendency be filed in the county where the property is situated (see also, RPAPL 1331). It is also true that, pursuant to CPLR 5103 (b), the sale of property in a foreclosure action must generally take place in the county where the property is situated (see also, CPLR 5103 [a] [where mortgaged property is located in multiple counties, certified copy of judgment must be filed in county where property is situated if judgment is entered in different county]). What becomes apparent, however, is that there is no incongruity between these provisions and CPLR 501.
As is evident, CPLR 501 merely provides that the parties may contractually fix the venue of an action, which, of course, is the location where the trial will take place. The statute, however, does not dictate where the notice of mechanic’s lien and notice of pendency must be filed, which is governed by Lien Law § 10 and CPLR 6511. Nor does it dictate where the property must be sold, which is controlled by CPLR 5103. Thus, while CPLR 501 permits parties to select the venue of an action, it may harmoniously coexist with these other statutory provisions (see, Bergman, New York Mortgage Foreclosures § 13.03 [2] [Matthew Bender]; see also, Drachman Structurals v Rivara Contr. Co., 78 Misc 2d 486). Viewed otherwise, a foreclosing lienor may comply with the forum selection clause of its contract while simultaneously complying with the procedural prerequisites to enforcement of its lien.
With regard to this multicounty scenario, I have no doubt that this creates some difficulties to a foreclosing lienholder who will be forced to proceed through various procedural hoops and submit filings in two counties. For example, if a trial in New York County results in a judgment of foreclosure, Ace will have to obtain a certified copy of the judgment and file it in Kings County in order to enforce the judgment (see, CPLR 5103 [a]). However, whatever burden is imposed by these additional procedural hoops is a burden of Ace’s own creation and one arising out of its decision to enter into the subject construction contract. I also note that, to the extent that Ace will be compelled to perform additional procedural steps to enforce its *263 lien, this is hardly tantamount to losing its rights under the Lien Law, as it has claimed.[3]
Finally, one further observation is required concerning the historical roots of the venue rule established by CPLR 507. The policy behind the statute, as indicated by case law, was to have the records of the county in which the property is situate reveal all matters affecting title (see, Craig v Clifton Springs Country Club, 26 AD2d 903; Reichenbach v Corn Exch. Bank Trust Co., 249 App Div 539; Coppola v Whitaker, 19 Misc 2d 145; Katzen v Central Park Towers, 207 Misc 181). My examination of the relevant statutes leads me to conclude that, however pertinent those concerns may have been, the present statutory framework provides ample notice concerning all title matters, i.e., by requiring that the notice of lien, notice of pendency, and judgment of foreclosure be filed in the county where the property is located. Hence, these historical concerns are not, in my view, a basis for refusing to enforce a forum selection clause.
In sum, Ace, a sophisticated commercial enterprise, contractually agreed that the venue of any action arising out of this construction contract would be in New York County. Since enforcement of this contractual provision will not affect its rights as a lienor, the forum selection clause should be enforced as written and as authorized by CPLR 501.

. CPLR 510 (2) permits a change of venue when “there is reason to believe that an impartial trial cannot be had in the proper county.” Thus, even in the face of a contractual forum selection clause, venue may change if an impartial trial cannot be had in the contractually designated county.

. “The inclusion of one is‘the exclusion of another” (Black’s Law Dictionary 687 [5th ed]).

. Interestingly, where a lienor seeks to assert its lien against property located in two or more counties, it faces similar procedural hurdles since the notice of lien must be filed in each county where the property is located (Lien Law § 10). Hence, the purported dilemma faced by Ace is hardly unique and is addressed by the relevant statutory mechanisms in related circumstances (see, Bergman, New York Mortgage Foreclosures § 13.03 [Matthew Bender] [addressing the procedural hurdles in multicounty mortgage foreclosure actions]).