■ REGAL BOY ENTERPRISES INTERNATIONAL VII, INC., Respondent, v MLQ REALTY MANAGEMENT, LLC, Appellant. [803 NYS2d 667]—

In an action, inter alia, to permanently enjoin the defendant from interfering with or interrupting the plaintiff's construction of its leasehold premises pursuant to a certain commercial lease, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated November 22, 2004, as denied its cross motion to change the venue of the action from Rockland County to Dutchess County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the Clerk of the Supreme Court, Rockland County, is directed to deliver to the Clerk of the Supreme Court, Dutchess County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

The Supreme Court erred in denying the defendant's cross motion to change venue of the action from Rockland County to Dutchess County. The complaint seeks, inter alia, to permanently enjoin the defendant from interfering with or interrupting the plaintiff's construction of its leasehold premises. Although the plaintiff is a resident of Rockland County (see CPLR 503 [c]) and venue ordinarily would have been proper there, this action is one whose venue is "otherwise prescribed by law" (CPLR 503 [a]; see Spellman Food Servs. v Partrick, 90 AD2d 791 [1982]). Because the relief sought "would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 507) located in Dutchess County, venue is proper only in that county (see Fay's Inc. v Park Ctr. Dev., 226 AD2d 1067, 1068 [1996]; Avis Rent-A-Car Sys. v Edmin Realty Corp., 209 AD2d 656, 657-658 [1994]; Moschera & Catalano v Advanced Structures Corp., 104 AD2d 306 [1984]; Spellman Food Servs. v Partrick, 90 AD2d 791 [1982], supra; see generally Siegel, NY Prac § 121, at 214 [4th ed]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.