Suki Bus., Inc. v East Coast Realtors, Inc. (2021 NY Slip Op 06205)





Suki Bus., Inc. v East Coast Realtors, Inc.


2021 NY Slip Op 06205


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-12079
 (Index No. 702010/19)

[*1]Suki Business, Inc., et al., plaintiffs-respondents,
v
East Coast Realtors, Inc., et al., defendants-respondents, KC Business, Inc., et al., appellants.


Martin J. McGuinness, Saratoga Springs, NY, for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (James D. Spithogiannis and Matthew R. Auer of counsel), for defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants KC Business, Inc., Amy Chen, and Yiping Chen appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered September 30, 2019. The order denied those defendants' motion pursuant to CPLR 507, 510(3), and 511(a) to change the venue of the action from Queens County to Saratoga County.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with one bill of costs to the appellants payable by the plaintiffs and the defendants-respondents, the motion of the defendants KC Business, Inc., Amy Chen, and Yiping Chen pursuant to CPLR 507, 510(3), and 511(a) to change the venue of the action from Queens County to Saratoga County is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Saratoga County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
The plaintiffs commenced this action in the Supreme Court, Queens County, inter alia, to recover damages for fraud and to rescind a business sale contract and lease in connection with a gas station and convenience store located in Saratoga County, and to recover damages for abuse of process in relation to criminal complaints that had been filed against one of the plaintiffs in the Moreau Town Court, in Saratoga County. Approximately one month after service of their answer, the defendants KC Business, Inc., Amy Chen, and Yiping Chen (hereinafter collectively the KC defendants) moved pursuant to CPLR 507, 510(3), and 511(a) to change the venue of the action from Queens County to Saratoga County. The KC defendants contended that Queens County was an improper venue because the judgment demanded would affect the title to, or the possession, use, or enjoyment of, real property located in Saratoga County (see CPLR 507).
Alternatively, the KC defendants contended that the Supreme Court should exercise its discretion to change the venue to Saratoga County because the convenience of material witnesses and the ends of justice would be promoted by the change (see CPLR 510[3]). The plaintiffs and the defendants East Coast Realtors, Inc., and Patrick Chen opposed the motion. The Supreme Court [*2]denied the motion, and the KC defendants appeal.
"Pursuant to CPLR 511(a), a defendant shall serve with the answer, or prior to service of the answer, a demand 'for change of place of trial on the ground that the county designated for that purpose is not a proper county.' Subsection (b) permits defendant to 'move to change the place of trial within fifteen days after service of the demand'" (Simon v Usher, 17 NY3d 625, 628). Since the KC defendants failed to make a timely demand for a change of venue on the ground that the venue designated by the plaintiffs was improper, or to make a timely motion on that ground, the KC defendants were not entitled to a change of venue as of right, and their motion "'became one addressed to the court's discretion'" (Saint-Louis v Esposito, 171 AD3d 824, 825, quoting Forbes v Rubinovich, 94 AD3d 809, 809; see Reardon v Macy's, Inc., 170 AD3d 1060, 1061; Demirovic v Performance Food. Group, Inc., 170 AD3d 656, 657).
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the KC defendants' motion. Saratoga County is the proper venue because the judgment demanded would affect the possession, use, or enjoyment of real property situated in Saratoga County (see CPLR 507; Moschera & Catalano v Advanced Structures Corp., 104 AD2d 306, 306-307; Spellman Food Servs. v Partrick, 90 AD2d 791). Further, the causes of action arose in Saratoga County, and the KC defendants demonstrated that the convenience of material witnesses and the ends of justice would be promoted by the change (see CPLR 510[3]; Coluck Inc. v SEM Sec. Sys., Inc., 175 AD3d 593, 594-595; Gorodetsky v Bridgewater Wholesalers, Inc., 161 AD3d 722, 724; Schwartz v Walter, 141 AD3d 641, 642; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 173-174; Quick Constr. Corp. v. Loribeth Theatres, 186 AD2d 546, 547).
Accordingly, we reverse the order and grant the motion of the KC defendants pursuant to CPLR 507, 510(3), and 511(a) to change the venue of the action from Queens County to Saratoga County.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court