RICHMOND HILL REALTY COMPANY, Respondent, v. EAST RICHMOND HILL LAND COMPANY and Others, Appellants.

First Department, February 14, 1936.

*George H. Corey,* for the appellants East Richmond Hill Land Company, Alrick H. Man, Jr., as executor, etc., and William A. Jones, Jr.

*John H. Jackson* of counsel [*Nicholas Barry Hekma* with him on the brief; *Hall, Cunningham, Jackson & Haywood,* attorneys], for the appellant Culver Associates, Inc.

*Eugene Untermyer* of counsel [*Guggenheimer & Untermyer,* attorneys], for the respondent.

DORE, J.   Defendants appeal from a judgment in favor of plaintiff against all the named defendants in the sum of $17,648, with interest, representing dividend payments declared by the defendant East Richmond Hill Land Company and claimed to have been wrongfully withheld from plaintiff as stockholder in such company and converted by defendants.

John K. Turton, president of defendant East Richmond Hill Land Company, was also president of the plaintiff corporation and president of Kew Hall Company and Kew Hall Apartments, Inc. Kew Hall Company had built and owned an apartment house at Kew Gardens, Long Island, and had transferred the property to Kew Hall Apartments, Inc.   Alrick H. Man, whose executor has been substituted as defendant, was a stockholder, director, secretary and treasurer of the East Richmond Hill Land Company,

and a creditor of Kew Hall to the amount of $250,000. Defendant Jones was a stockholder, director and vice-president of the East Richmond Hill Land Company. John K. Turton, Alrick H. Man and William A. Jones, Jr., constituted the whole board of directors of that company.

On Turton's recommendation the business of managing the Kew Hall apartment house had been given to Culver Associates, Inc., prior to the transactions involved in this litigation. Prior to such transactions the plaintiff corporation had made payments direct to Culver Associates, Inc., as managing agents, for the benefit of the Kew Hall property, which was operating at a deficit. Between 1925 and 1930 Turton or the plaintiff corporation applied moneys aggregating $35,900 to the indebtedness of Kew Hall and Kew Hall Apartments, Inc.

On January 3, 1930, the board of directors of the East Richmond Hill Land Company passed the following resolution:

"*Resolved,* that a distribution of $52,500 in mortgages and cash be made to the stockholders upon the understanding and condition that as to the share of Mr. John K. Turton or the Richmond Hill Realty Co. in any remaining mortgages of the East Richmond Hill Land Company the same be pledged for the payment of any deficits arising in the operation of Kew Hall and particularly such deficits as may arise in the amounts becoming due to Kew Hall Apartments, Inc. to make up payments of interest and amortization on the first mortgage on Kew Hall, such pledge to be made the subject of a proper agreement between the parties directly interested."

Turton testified that he was present at the meeting, but that he did not move the resolution and, on the contrary, protested at the time and frequently objected thereafter to his codirectors, Man and Jones. Concededly he never signed the agreement mentioned in the resolution, although it was prepared and submitted to him by his codirector, Man, on March 4, 1930.

Between August 4, 1930, and September 2, 1932, a period of over two years, thirteen separate checks representing dividends due the plaintiff corporation as stockholder of the defendant East Richmond Hill Land Company were sent by the latter to Culver Associates, Inc., and each check bore the following notation:

" The share of distribution accrued to the credit of Richmond Hill Realty Corp. as stockholder is to be applied towards the payment of current operating deficits of Kew Hall.

" (See Minutes of Jan. 3, 1930.)

" (This check pays over all unremitted distributions, declared to date.) "

The dividends or distributions of surplus were declared by defendant East Richmond Hill Land Company and thereupon became the property of plaintiff, Richmond Hill Realty Company. The trial court has found that no proper authorization was given by the plaintiff to East Richmond Hill Land Company to make payment of plaintiff's dividends to any one except to the stockholder, the plaintiff corporation, and that the diversion and payment thereof to Culver Associates, Inc., for the benefit of Kew Hall was without authority and a legal conversion. On disputed issues of fact relating to the individual defendants and the East Richmond Hill Land Company the evidence was conflicting and we think that, as to those defendants, the disposition of the trial court should not be disturbed.

We consider, however, that the judgment against the defendant Culver Associates, Inc., should be modified and limited to the sum of $4,127.91 representing $3,200, the first payment made August 4, 1930, with interest thereon in the sum of $927.91. Defendant Culver Associates, Inc., may properly be held liable on the first check because the notation thereon placed Culver Associates, Inc., upon notice to make inquiry and no proper inquiry was made. With regard, however, to the remaining twelve checks the judgment against Culver Associates, Inc., should not be sustained.

John K. Turton was president of all the interested corporations. He owned two-thirds of the stock of the plaintiff, Richmond Hill Realty Company; his brother owned the remaining one-third; he, his brother, and a Mr. Atchison constituted the whole of its board of directors. Turton admitted that he was thoroughly familiar with the fact that these payments representing dividends of the plaintiff were being made to Culver Associates, Inc., under the purported authorization of the resolution of January third. He stated that he knew this " very clearly " from his examination of the statements and the books of the defendant East Richmond Hill Land Company, of which he was president. Turton also testified that what he knew was quite well known to his brother and, therefore, to all the stockholders of the plaintiff, and to Mr. Atchison, the remaining director, and, therefore, to the entire board of directors.

The first of the series of these checks, dated August 4, 1930, was drawn by the defendant East Richmond Hill Land Company upon its depositary, Manufacturers Trust Company, and made payable to the order of Culver Associates, Inc. This check was paid by the bank on August 7, 1930, and in the usual course Manufacturers Trust Company, the depositary bank, on or about September 1, 1930, reported to the East Richmond Hill Land Company by bank statement which covered the withdrawals and deposits for the

month of August, 1930, and returned the paid checks. This statement reflected the payment of the check for $3,200 dated August 4, 1930, and knowledge of its issuance, payment and return was acquired by Turton and plaintiff's whole board of directors and all its stockholders long prior to October 24, 1930, the date when the second check of the series was issued.

On the undisputed facts and under established rules of law the knowledge of Turton, as president, of Turton and his brother, as owners of all the stock of the plaintiff corporation, and the knowledge of the whole of its board of directors, is imputed to the corporation itself and it is held to have knowledge of the same facts. (*Henry* v. *Allen*, 151 N. Y. 1; *Giles D. M. Co.* v. *Klauder-Weldon D. M. Co.*, 233 id. 470; *Matter of Brown*, 252 id. 366, 378.)

In view of this knowledge, the failure of plaintiff corporation or Turton, as its president, to make any protest at any time to Culver Associates, Inc., or to give any notice whatever of the falsity of the apparent authorization (which a word from plaintiff or its president would have dissipated), by silence permitted Culver Associates, Inc., to infer that the payments were acquiesced in by the plaintiff corporation.

No claim is made that Culver Associates, Inc., acted in bad faith or that its action was an intentional injury or malicious. Concededly no protest or communication of any kind was ever made to Culver Associates, Inc., by plaintiff corporation, its directors or president, during the whole period that the checks were being paid.

As a general rule, the law requires that one who has been injured either in his person or his property by the wrongful act of another, especially where the act is not willful or intentional or continued in bad faith, is under a duty to make reasonable effort to minimize the consequential damages, and if he does not make such reasonable effort he will be debarred from recovering the additional damages which result from such failure. (*Prudential Ins. Co.* v. *National Bank of Commerce*, 227 N. Y. 510; *Critten* v. *Chemical National Bank*, 171 id. 219, 230; *Potts & Co.* v. *Lafayette National Bank*, 269 id. 181; *Norske Ameriekalinje* v. *Sun P. & P. Assn.*, 226 id. 1.) Under this rule of minimizing damages, the plaintiff corporation, having full knowledge of the improper diversion of the first dividend check, was under a duty promptly to make protest to Culver Associates, Inc.; and if it had, such protest undoubtedly would have caused Culver Associates, Inc., which did not profit and was not enriched by the transaction, to refuse to accept the subsequent checks and thus to avoid the subsequent losses. If a

person maintains silence, when in conscience he ought to speak, he will be debarred from speaking when conscience requires him to be silent. (*Hall* v. *Fisher*, 9 Barb. 17, 31.) This rule does not exonerate the remaining defendants because the trial court has found, and on this record we believe we may not disturb the conclusion, that there was no authority for the action of the East Richmond Hill Land Company, that its action and that of the remaining individual defendants was willful and deliberate, and was begun and persevered in notwithstanding repeated protest on behalf of plaintiff corporation.

The judgment should be modified, accordingly, by providing that the plaintiff recover of the defendants the sum of $4,127.91 (the same representing the amount of the first check, $3,200, with interest from August 4, 1930, to the date of entry of judgment), together with costs in the trial court; and that it recover from the defendants other than Culver Associates, Inc., the sum of $17,801.37 (the same representing the amount of the other checks, with interest from their respective dates to the date of entry of judgment); and as so modified affirmed, with costs of this appeal to the defendant Culver Associates, Inc., against the plaintiff, and with costs to the plaintiff against the other defendants.

MARTIN, P. J., O'MALLEY and COHN, JJ., concur.

Judgment modified as indicated in opinion. Settle order on notice.