■ TEXACO, INC., Appellant, v. ELI WEINBERG, Individually and Doing Business as TEX-BAY SERVICE STATION, et al., Respondents.— In a summary proceeding by a landlord to recover possession of real property, the landlord appeals, by permission of this court, from an order of the Appellate Term, Second Department, dated January 11, 1961, which: (a) affirmed a final order of the Municipal Court of the City of New York, Borough of Queens, Sixth District, dated August 11, 1960, made upon the decision of the court after a nonjury trial dismissing, on the merits, the landlord's petition; and (b) affirmed the judgment of said court entered thereon, dated August 31, 1960. Order of Appellate Term affirmed, with costs. We are not in accord with the finding of the trial court and of the Appellate Term that service of notice of termination of the lease by certified mail was not effective service on the assignee undertenant respondent. Weinberg was its president, stockholder and alter ego. Notice to Weinberg was also notice to the corporation of which he was president (Smiling Lady Corp. v. Estate of Rosenthal, 187 Misc. 719, affd. 188 Misc. 214; Raines v. Moran, 57 N. Y. S. 2d 800, 807, affd. 270 App. Div. 979). However, the service of a notice of cancellation of the tenancy from month to month was in derogation of section 232-a of the Real Property Law, notwithstanding paragraph 13 of the lease which provided for notices by mail from lessor to lessee (213 West 35th St. v. Ruff, 152 Misc. 267). In violation of section 1420 of the Civil Practice Act, the precept was returnable more than 11 days after it was issued. The circumstances upon which the trial court relied did not authorize its action in extending the time for the return of the precept. The service of the petition and precept on the corporate respondent was insufficient because the affidavit of service did not comply with section 1422 of the Civil Practice Act. The failure to comply with section 232-a of the Real Property Law, respecting the cancellation of the month to month tenancy, and the jurisdictional defects stated above, require affirmance of the order. The provisions of the statute in summary proceedings must be strictly followed (Babcock v. Dean, 140 Misc. 800, 801). Beldock, Ughetta, Pette and Brennan, JJ., concur; Nolan, P. J., concurs in result.

■ GLORIA THORP, Respondent, v. CENTER THEATRE CORPORATION, Appellant.— In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County, dated and entered January 16, 1961, which denied its motion to resettle the proposed case on appeal with respect to the testimony of a medical witness. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.