■ EUGENE DI LORENZO, INC., Appellant, v A. C. DUTTON LUMBER COMPANY, INC., Also Known as A. C. DUTTON LUMBER COMPANY, Defendant, and PHIL-MAR LUMBER CORPORATION, Respondent. — Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered December 13, 1983 in Ulster County, which granted defendant Phil-Mar Lumber Corporation's motion to vacate a default judgment entered against it.

Following service of a summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306, plaintiff entered a default judgment against defendant Phil-Mar Lumber Corporation (Phil-Mar). Phil-Mar moved to vacate the default judgment pursuant to CPLR 5015 (a) (1) alleging (1) that its default was excusable in that it did not receive the papers served upon the Secretary of State in time to defend the action, since the address filed with that office was not current for forwarding purposes, and (2) that it had a meritorious defense. Special Term granted Phil-Mar's motion and this appeal ensued.

In *Cristo Bros. v Cristo, Inc.* (91 AD2d 807, *appeal dismissed* 59 NY2d 760, *lv dismissed* 60 NY2d 554), we held that corporations are obligated to keep a current address on file with the Secretary of State and the failure to receive copies of process served upon the Secretary of State due to a breach of this obligation will not constitute a "reasonable excuse" for a corporation seeking to vacate a default under CPLR 5015 (a) (1). Here, Phil-Mar had a default judgment entered against it on a prior occasion due to its failure to file its current address with the Secretary of State.

Order reversed, on the law, with costs, defendant Phil-Mar Lumber Corporation's motion denied, and default judgment reinstated. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.