■ LATHAM SPARROWBUSH ASSOCIATES, Respondent, v CO-HOES INDUSTRIAL TERMINAL, INC., Appellant.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered May 21, 1985 in Albany County, which denied defendant's motion to vacate a default judgment entered against it.

By service of the summons and complaint on the Secretary of State on February 13, 1985, plaintiff commenced this action against defendant seeking specific performance of a provision in a lease which granted plaintiff, as lessor, the right to terminate the lease upon certain conditions. Defendant failed to answer and, by order entered April 19, 1985, plaintiff's motion for default judgment was granted. Defendant moved to open the default, alleging that it had not received the summons and complaint and that it had two defenses, viz., the failure to join a necessary party and the invalidity of the lease provision under the rule against perpetuities. Special Term denied the motion upon the ground that an attorney's affidavit addressing the merits of the purported defenses was patently deficient. We affirm, but for a different reason.

It appears from the record that defense counsel is also an officer of defendant and that the allegations in his affidavit are based upon personal knowledge of the facts and circumstances. Accordingly, his affidavit and that of another corporate officer are not patently deficient.

Nevertheless, the order denying defendant's motion to vacate its default should be affirmed. In *Cristo Bros. v Cristo, Inc.* (91 AD2d 807, *appeal dismissed* 59 NY2d 760, *lv dismissed* 60 NY2d 554), this court held that "[c]orporations are obligated to keep a current address on file with the Secretary of State and the failure to receive copies of process served upon the Secretary of State due to a breach of this obligation will not constitute a 'reasonable excuse' for a corporation seeking to vacate a default [judgment] under CPLR 5015 (subd [a])" *(accord, Di Lorenzo, Inc. v Dutton Lbr. Co.,* 108 AD2d 1004, *appeal dismissed* 65 NY2d 785). The record herein establishes that the excuse offered by defendant for its default is based upon its breach of the obligation to keep a current address on file with the Secretary of State. It is also significant that, in connection with another matter involving plaintiff and the lease provision at issue, defense counsel actually received a copy of the summons and complaint in this action, together with an affidavit of service, before the time to answer had expired *(see,* CPLR 317). There is no support in the record for defense counsel's suggestion that plaintiff and its counsel

misled Special Term at the time of the original motion for a default judgment.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.