**COHOES INDUSTRIAL TERMINAL, INC., Debtor,**

v.

**LATHAM SPARROWBUSH ASSOCIATES, Creditor.**

**No. 87 Civ. 1987 (GLG).**

United States District Court, S.D. New York.

June 22, 1987.

**148**

Leon C. Baker, White Plains, N.Y., for debtor.

David M. Siegel, Zubres, D'Agostino & Hoblock, Albany, N.Y., for creditor.

## MEMORANDUM DECISION

GOETTEL, District Judge.

The debtor moves for leave to appeal to the District Court from an interlocutory order of Bankruptcy Judge Howard Schwartzberg, entered March 3, 1987, dismissing a complete defense of *res judicata* interposed to the claim of a creditor, Latham Sparrowbush Associates ("LSA").

LSA was the landlord of an apartment complex known as Sparrowbush Apartments. The debtor was the lessee and, in turn, subleased the apartments to the various tenants. The lease had an option providing that the owner, LSA, could recover the leasehold by paying $350,000 to the debtor. LSA attempted to exercise the option. The debtor resisted, claiming that the option violated the rule against perpetuities. The wife of the debtor's president, who claimed to be the real party in interest

to the lease, brought suit in New York State Supreme Court to block LSA's attempt to recover the premises. The New York court found she had no standing to sue, and dismissed the action. LSA also brought suit in state court, seeking a declaratory judgment that the termination option in the lease was valid, and an order directing the debtor to deliver possession of the premises to LSA in accordance therewith. Initially, LSA obtained a default judgment. Prolonged proceedings followed, and it took about a year for LSA to actually gain possession. The debtor thereafter filed in bankruptcy. LSA filed a proof of claim against the debtor for about two and one-half million dollars allegedly due to LSA from the debtor. The debtor argued that, under the doctrine of *res judicata*, these claims were barred because they merged with the state default judgment, which granted LSA specific performance of the option terminating the leasehold. Judge Schwartzberg dismissed this objection in an opinion dated February 6, 1987. *In re Cohoes Industrial Terminal, Inc.*, 69 B.R. 717 (Bankr.S.D.N.Y.1987).

In seeking the extraordinary relief of an interlocutory appeal, the debtor makes three arguments:

1. mounting a defense on the merits of LSA's claims would be extremely costly;

2. all LSA's claims existed prior to its state court action and, therefore, the defense of merger is a complete bar; and

3. the Bankruptcy Court mistakenly relied upon federal bankruptcy law rather than New York law in determining the validity of the debtor's merger defense.

With respect to the first claim, it is one that is true of most defenses. It is not a sufficient factor, standing alone, to warrant an interlocutory appeal.

With respect to the second claim, it is not factually correct. At a minimum, paragraphs 3(c) and 4(c) of LSA's proof of claim are post-termination claims which would not be barred by the merger/*res judicata* defense.[1]

---

1. Paragraphs 3(c) and 4(c) of the proof of claim

seek $1,040,000 for the debtor's use and occu-

As to the third claim, that the Bankruptcy Court mistakenly proceeded on the basis of federal bankruptcy law rather than New York state's law, a reading of Judge Schwartzberg's opinion does not support that argument. Indeed, Judge Schwartzberg cites only one federal case, and that merely to describe the doctrine of merger and the general prohibition against splitting of causes of action. *In re Cohoes, supra,* 69 B.R. at 721. The remainder of the decision rests upon general common law principles, in particular, those expressed in the Restatement (Second) of Judgments § 24 (1980).[2] Subparagraph 2 thereof discusses what constitutes a transaction or series of connecting transactions in determining whether a cause of action has been split. The relevant considerations are "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* This also accurately states the law of New York. *See* 5 J. Weinstein, H. Korn & A. Miller, *New York Civil Practice* ¶ 5011.14 (1987).

Without exploring the issues determinatively, we note the following. LSA's first action, to exercise the lease's termination option, would not appear to be sufficiently related in time, space, origin, or motivation to LSA's present claims for contingent rent, additional bonus rent, waste, and post-termination use and occupancy of the leased premises to constitute a split cause of action. LSA's earlier claim would not have formed a convenient trial unit with its present claims, nor would treatment of the claims as a unit have conformed to the parties' expectations or business under-

standing. Since New York law recognizes these considerations, the Bankruptcy Court cannot be said to have relied upon an incorrect rule of law.

Consequently, since we reject all three of the debtor's arguments, we deny leave to appeal the interlocutory order. This civil action having been filed for the sole purpose of appealing from an interlocutory order of the Bankruptcy Court, and that relief having been denied, the action is dismissed.

SO ORDERED.

pancy for the periods commencing after February 25, 1985, the effective date of LSA's termination of the lease.

**2.** Section 24 reads as follows:
Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"
(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.