■ In the Matter of VILLAGE OF JOHNSON CITY, Respondent, v JOYCE L. BOLAS et al., Respondents, and WALDO's, INC., Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Smyk, J.), entered November 25, 1988 in Broome County, which, *inter alia,* in a proceeding pursuant to EDPL 402, granted petitioner's application for the acquisition by condemnation of certain real property, and (2) from an order of said court, entered December 22, 1988 in Broome County, which denied a motion by respondent Waldo's, Inc. for, *inter alia,* reargument and resettlement.

The underlying facts involved in this proceeding can be found in a prior decision of this court *(Matter of Waldo's, Inc. v Village of Johnson City,* 141 AD2d 194, *affd* 74 NY2d 718). Suffice it to say that petitioner sought to condemn property owned by respondent Waldo's, Inc., which commenced a proceeding pursuant to EDPL article 2 in this court challenging the determination to condemn. Waldo's alleged that the process had been affected by statutory and due process violations, procedural improprieties, bad faith and an improper taking for a private benefit. We dismissed the petition of Waldo's as without merit and the Court of Appeals subsequently affirmed

*(supra).* Shortly after our decision, petitioner re-served Waldo's with a notice of petition and petition by which it sought permission to file acquisition maps pursuant to EDPL 402. Waldo's interposed an answer denying the material allegations (EDPL 402 [B] [4]), asserting, *inter alia,* the affirmative defenses of corruption of the decision-making process and denial of due process, and seeking a declaratory judgment. Supreme Court rejected each of the affirmative defenses and counterclaims as meritless and ordered the immediate filing of the judgment granting the petition. Pursuant to Supreme Court's directive, petitioner filed the acquisition map and title to the subject property vested in petitioner (EDPL 402 [B] [5]). Thereafter, a motion by Waldo's for reargument and resettlement of Supreme Court's order was denied and these appeals followed. On July 17, 1989, this court denied a motion by Waldo's for a stay pending appeal.*

Waldo's essentially contends on these appeals that if the EDPL is construed to deny it the right to raise the issues of private purpose, bad faith and taint, it offends substantive and procedural due process. Petitioner contends, *inter alia,* that the doctrine of res judicata bars an appeal of the procedural and substantive due process issues by Waldo's and that sanctions should be imposed against Waldo's for pursuing a frivolous appeal. It is evident that the appeal by Waldo's addresses the same issues concerning private purpose, due process, bad faith and the taint of private monetary contribution to the proposed project which were specifically raised, considered and rejected in the prior proceeding in this court. Significantly, the Court of Appeals considered and rejected each of these points in affirming. Since a final conclusion bars all other claims arising out of the same transaction, even if phrased under a different theory or seeking a different remedy *(see, e.g., O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Matter of Reilly v Reid,* 45 NY2d 24, 27), we are of the view that Waldo's is precluded from relitigating under any guise the private taking, bad faith and other issues heretofore raised and rejected *(see, Chesterfield Homes v City of New York,* 92 AD2d 578).

Further, a different result now would undermine petitioner's right to proceed with the condemnation, a right established in the prior proceeding. Relitigation is inappropriate

---

* On July 22, 1989, Waldo's commenced a claim in the United States District Court for the Northern District of New York for declaratory relief and a permanent injunction preventing petitioner from acquiring its property. A motion to dismiss this claim was made although we have not been advised of its outcome.

where a different determination would impair "the substance of the rights or interests established in the first action" *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 308 [Cardozo, Ch. J.]). There is nothing to suggest that any different result would be reached if the issues are addressed in this EDPL article 4 proceeding than was reached in the prior EDPL article 2 proceeding. Accordingly, having had a prior full and fair opportunity to litigate the issues now raised, Waldo's is precluded from a redetermination of those issues.

Assuming that we have authority to review the order appealed from, we find no error in Supreme Court's denial of the motion to reargue and resettle. Finally, we decline this opportunity to impose sanctions against Waldo's for a frivolous appeal as sought by petitioner.

Judgment and order affirmed, with costs to petitioner. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.