■ ACTION PICTURES, INC., Respondent, v FILMS AROUND THE WORLD, INC., et al., Appellants. (Action No. 1.) ACTION PICTURES, INC., Respondent, v FILMS AROUND THE WORLD, INC., et al., Appellants. (Action No. 2.) FILMS AROUND THE WORLD, INC., et al., Appellants, v ACTION PICTURES, INC., et al., Respondents. (Action No. 3.) [608 NYS2d 211] —Judgment, Supreme Court, New York County (William J. Davis, J.), entered January 22, 1993, in favor of plaintiff, which is based upon an order of the same court and Justice, entered January 19, 1993 (memorandum decision dated Oct. 8, 1992) granting summary judgment against defendants, Films Around The World, Inc. ("FAW") and Filmworld Distributors, Inc. ("FDI"), in favor of plaintiff based upon a default judgment entered in the State of Michigan in 1990, in the sum of $249,145, and order of the same court and Justice, entered August 18, 1993, which, *inter alia*, restored Action No. 16659/92 to the calendar, unanimously affirmed, with costs. The appeal from the "decision" of the same court and Justice, entered March 9, 1993, which dismissed the complaint in Action No. 31395/92, unanimously dismissed since no appeal lies from a "decision" which has not been entered as an order or judgment, without costs.

The Michigan court had jurisdiction over defendants FAW and FDI. Review of the evidence demonstrates that, in light of, *inter alia,* the instant agency and distribution agreements which provided for the parties to transact business in Michigan, which they in fact did, Michigan had jurisdiction over defendants *(see, Hanson v Denckla,* 357 US 235, 253); nor do we find any evidence that the default judgment was fraudulently obtained. *(Boorman v Deutsch,* 152 AD2d 48, 54, *lv dismissed* 76 NY2d 889.)

Michigan's judgment has res judicata effect with regard to the instant parties and their claims. Indeed, all the above-captioned parties are either the same parties in the Michigan action or are in privity with said parties, and all the alleged issues were either raised in the Michigan action or could have been raised in said action *(see, Commissioner v Sunnen,* 333 US 591, 597). That the Michigan judgment was entered on default does not affect its preclusive effect *(Silverman v Leucadia, Inc.,* 156 AD2d 442, 444; *Schwartz v City of Flint,* 187 Mich App 191, 466 NW2d 357, 359-360, *lv denied* 439 Mich 863, *cert denied* — US —, 112 S Ct 1562).

Finally, while the appeal from the March 9, 1993 "decision" is not appealable since no order or judgment appears to have

been entered upon said decision (CPLR 5512), if an order or judgment were to have been properly entered and appealed, we would affirm since the determination to restore the case to the calendar, after plaintiff's corporate charter had been reinstated, was a valid exercise of the trial court's discretion. Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.