VAN GRAAFEILAND, Circuit Judge:
 

 Gloria Baker (hereafter “Gloria”) appeals from a judgment of the United States District Court for the Southern District of New York (Motley, J.) which dismissed her action against Latham Sparrowbush Associates (“LSA”) and Aaron Kozak.
 

 The appeal hopefully is the final episode of an unduly lengthy and complicated litigation process involving an apartment complex known as Sparrowbush Apartments, located in Abany County, New York, and owned by LSA. LSA is a limited partnership; Aaron Kozak is its general partner. In 1968, LSA leased Sparrowbush to Shaker Estates, Inc. The lease was executed on August 28, 1968. In an apparent attempt to avoid violating the rule against perpetuities contained in section 9-1.1 of New York’s Estates, Powers and Trusts Law, the written lease provided that the term of the leasehold was twenty-one years, with options for two renewals. However, the lease provided further that the term would commence on the date of its execution and end on August 31, 1989, twenty-one years and three days later. This presents an interesting question concerning the possible application of the rule against perpetuities, which, as will hereinafter appear, we are not required to answer. The lease also provided that LSA might terminate the tenancy on sixty days’ notice with a payment to the tenant of $350,000.
 

 On December 31, 1973, Cohoes Industrial Terminal (“CIT”) purchased Shaker Estates’ interest in the leasehold. At this point a brief description of CIT is appropriate for the light it will shed on the tortuous history of this decade-old litigation. CIT is a corporation wholly owned by Leon Baker (hereafter “Leon”). Leon is the corporation’s president and attorney. Gloria, Leon’s wife, is the corporation’s secretary, and Leon is also her attorney. Prior to this litigation, the corporation had existed for more than twenty years without a corporate meeting. Accountable to no one except perhaps Gloria, Leon is, in effect, the corporation.
 

 On December 26, 1984, LSA notified CIT that it was exercising its option to terminate the lease. The next day, Leon sent a letter to LSA acknowledging receipt of the notice but disputing the validity of the termination clause. In January 1985, Leon sued LSA on behalf of Gloria in New York Supreme Court, Westchester County, requesting a declaration, among other things, that the termination clause violated New York’s rule against perpetuities. Because the judgment demanded in Leon’s action would affect the ’ “possession, use or enjoyment” of real property located in Abany County, his action was brought in the wrong county. N.Y.Civ.Prac. L. & R. 507 (McKinney 1994);
 
 see Moschera & Catalano, Inc. v. Advanced Structures Corp.,
 
 104 A.D.2d 306, 478 N.Y.S.2d 641 (1984) (mem.);
 
 Spellman Food Servs., Inc. v. Partrick,
 
 90 A.D.2d 791, 455 N.Y.S.2d 398 (1982) (mem.).
 

 On February 13,1985, while the Westches-ter County action was pending, LSA sued CIT in New York Supreme Court, Abany County, seeking specific performance of the termination clause. LSA served CIT by delivering two copies of the summons and complaint to the Secretary of State pursuant to New York Business Corporation Law § 306. Because CIT had not complied with its statutory duty to keep its current address on file with the New York Secretary of State’s Office, it did not receive the copies of the summons and complaint that the Secretary of State mailed to CIT’s former address. However, it is undisputed that, prior to the expiration of CIT’s time to answer, Leon, its president and attorney, did receive copies of the summons and complaint in the Abany County action, when they were attached as an exhibit to LSA’s motion to dismiss in the Westchester County action. By this time, Leon should have known that his suit was in the wrong county, and he should have either appeared in the Abany County action or sought consolidation of the two actions. Instead, he did no more than discuss various alleged deficiencies in the Abany County complaint, which LSA had included in its Westchester County motion papers. Leon
 
 *249
 
 subsequently conceded that he made a mistake in withholding service of an answer in the Albany County action, in the belief that the service of the summons and complaint in that action was defective. In any event, CIT failed to appear in the Albany County action, and on April 19, 1985, LSA secured a default judgment directing CIT to deliver possession to LSA in return for LSA’s payment of $350,-000.
 

 On April 30, 1985, the Westchester court dismissed the action before it on the ground that Gloria, who was not a party to the lease, lacked standing. The court rejected her argument that CIT was merely her “nominee,” stating that there was no credible evidence in the record to support this allegation.
 
 Baker v. Latham Sparrowbush Assocs.,
 
 Index No. 1699-85 (N.Y.Sup.Ct. Apr. 30, 1985),
 
 aff'd,
 
 129 A.D.2d 667, 514 N.Y.S.2d 426 (mem.),
 
 appeal denied,
 
 70 N.Y.2d 606, 519 N.Y.S.2d 1030, 514 N.E.2d 388 (1987).
 

 On May 21,1985, the Albany County court denied CIT’s motion to vacate the default judgment on the ground that Leon’s supporting affidavit was deficient because it was executed by Leon as CIT’s counsel rather than as a CIT officer. On appeal, the Appellate Division, Third Department, found no fault with the affidavit, because, it said, Leon had personal knowledge of the facts alleged.
 
 Latham Sparrowbush
 
 Assocs.
 
 v. Cohoes Indus. Terminal, Inc.,
 
 114 A.D.2d 584, 494 N.Y.S.2d 195 (1985). The appellate court nonetheless affirmed the denial of the motion to vacate, albeit on different grounds. It held that failure to keep a current address on file with the Secretary of State was not a reasonable excuse for a corporation seeking to vacate a default judgment under Rule 5015 of New York’s Civil Practice Law and Rules. In support of its decision to affirm, the Third Department found that “defense counsel actually received a copy of the summons and complaint ... together with an affidavit of service, before the time to answer had expired.”
 
 Id.
 
 In February 1986, the New York Court of Appeals denied leave to appeal. 67 N.Y.2d 736, 500 N.Y.S.2d 100, 490 N.E.2d 1226 (1986) (mem.). In March 1986, the Albany court appointed a post-judgment receiver for the apartment property.
 

 On April 28, 1986, CIT filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York, and a United States Trustee was appointed to oversee the reorganization. This begat an extended series of bankruptcy actions in the Southern District of New York.
 
 See, e.g.,
 
 62 B.R. 369, 65 B.R. 918, 69 B.R. 717, 70 B.R. 214, 75 B.R. 147, 78 B.R. 681, 103 B.R. 474, 103 B.R. 480. An examination of these decisions discloses that, whenever the claims Gloria now asserts were made, they were rejected. Thus, following the Chapter 11 filing, LSA moved to lift the automatic bankruptcy stay so that it could obtain possession of Sparrowbush.
 
 In re Cohoes Indus. Terminal, Inc.,
 
 62 B.R. 369, 371 (Bankr.S.D.N.Y.),
 
 aff'd,
 
 70 B.R. 214 (S.D.N.Y.1986),
 
 aff'd,
 
 831 F.2d 283 (2d Cir.1987). CIT cross-moved to have LSA and the post-judgment receiver in the Albany County action held in contempt for violating the automatic stay by attempting to enforce the state court judgment.
 
 Id.
 
 CIT argued that the state judgment was unenforceable because it was procured through a deficient notice. Separately, Gloria moved for an order directing the transfer of legal title to the leasehold from CIT to herself. She asserted ownership based on an alleged oral agreement in which CIT was designated as her “nominee.”
 

 The bankruptcy court granted LSA’s motion. It rejected CIT’s attack on the default judgment, because, it said, “the questions of jurisdiction and due process were litigated in the state where it was held that [CIT] had actual notice in time to defend.”
 
 Id.
 
 at 376. The court also held that, because CIT’s leasehold interest was terminated prior to the Chapter 11 filing, the automatic bankruptcy stay did not apply.
 
 Id.
 
 at 377. Consequently, the court allowed LSA to reacquire possession of Sparrowbush in exchange for a $350,000 payment to CIT. The bankruptcy court also denied CIT’s motion for contempt sanctions and Gloria’s motion for a title transfer.
 
 Id.
 
 at 377-78, 378-80.
 

 The district court affirmed each of the bankruptcy court’s holdings. It noted that “[t]he questions of jurisdiction and due process were thoroughly litigated” in the New York proceedings, which “conclusively deter
 
 *250
 
 mined that [CIT] had actual notice of the Albany County action terminating its rights under the lease.” 70 B.R. at 219. It was in this posture that the case came to this Court. On September 18, 1987, we affirmed in an unpublished order which read in pertinent part as follows:
 

 Under 11 U.S.C. § 362 filing a petition in bankruptcy acts as a stay of actions “to obtain possession of property of the estate ....” We agree with the Bankruptcy and District Courts that the leasehold was not “property of the estate” at the time of filing because the Debtor’s property interest in the leasehold had terminated prior to filing. The plain language of the lease provided that the lease ceased and ended 60 days after LSA exercised the option. The state court held that this clause was valid and it is clear that the Debtor’s interest in the lease expired on February 25, 1985. The leasehold thus was not “property of the estate” at the time of filing.
 

 In re Cohoes Indus. Terminal, Inc.,
 
 No. 87 Civ. 5004 (2d Cir. Sept. 18, 1987);
 
 see also
 
 831 F.2d 283 (2d Cir.1987).
 

 The proceeding reported at 78 B.R. 681 involved claims in excess of $2 million by LSA against CIT for violations of CIT’s obligation to maintain and repair the leased property, for contingent rent, and for use and occupancy of the property. The trustee for CIT maintained, as CIT had argued unsuccessfully before, that CIT only had bare legal title to the leasehold interest and was merely the nominee or agent for Gloria, who was the beneficial owner of the leasehold. The trustee likewise was unsuccessful in this effort:
 

 Therefore, apart from LSA’s objections to the kamikaze defense on grounds of res judicata and collateral estoppel, predicated upon previous decisions of the New York State courts and those of this court in this case, the court finds that the evidence fails to support the Chapter 11 trustee’s position that LSA’s claims for waste, contingent rent and use and occupancy are misdirected against [CIT]. On the contrary, [CIT] was the tenant in possession under the Sparrowbush Apartments lease. There is no credible evidence to prove that Gloria Baker appointed [CIT] as her nominee to hold bare legal title to the leasehold and that she holds a beneficial interest as the real tenant under the lease. Gloria Baker was not the beneficial tenant nor was she ever the tenant in actual or constructive possession of the Sparrowbush Apartments leasehold interest.
 

 Id.
 
 at 691-92.
 

 This decision was affirmed by the district court in an unpublished order by Chief Judge Brieant, No. 87 Civ. 8919 (S.D.N.Y. May 2, 1988), which, in turn, was affirmed in an unpublished order by this Court. 863 F.2d 45 (2d Cir.1988).
 

 After the claims it had asserted in the bankruptcy proceeding were paid, LSA moved against Leon for sanctions and attorneys fees.
 
 In re Cohoes Indus. Terminal, Inc.,
 
 103 B.R. 480 (Bankr.S.D.N.Y.1989). The bankruptcy court granted this application. It found that the Chapter 11 case was commenced for an improper purpose — i.e., to frustrate enforcement of the state court judgment, rather than to reorganize the debtor.
 
 Id.
 
 at 485-86. The bankruptcy court also noted that Leon acted in bad faith by continuing to raise the issue of Gloria’s alleged beneficial ownership. It stated that this issue “was not well grounded in fact and law [and] had previously been rejected by the state courts and by this [the bankruptcy] court.”
 
 Id.
 
 at 488. In fact, the bankruptcy court had “warned that further litigation as to this issue could incur sanctions.”
 
 Id.
 
 The district court (Broderick, J.) affirmed the bankruptcy court’s order.
 

 On appeal, this Court reversed.
 
 Matter of Cohoes Indus. Terminal, Inc.,
 
 931 F.2d 222 (2d Cir.1991). We held that the collateral attack on the default judgment in bankruptcy court was not frivolous, because, we said, the New York courts based their denial of the CIT motion to vacate on procedural grounds and never reached the question of whether service in the Albany County action violated due process.
 
 Id.
 
 at 228. Moreover, we held that, although the bankruptcy court had reviewed Gloria’s claim and had concluded that it was without merit, Leon should not have been penalized for pursuing it.
 
 Id.
 
 at 228-29. We said that Leon “only raised the claim
 
 *251
 
 until it was actually reviewed on the merits.”
 
 Id.
 
 at 231. We specifically refused to address the merits of CIT’s jurisdictional argument.
 
 Id.
 
 at 229.
 
 [1]
 
 Nowhere in the opinion was our 1987 order of affirmance discussed.
 

 Shortly thereafter, the bankruptcy proceeding terminated. On July 27, 1991, CIT assigned all of its rights in Sparrowbush to Gloria. Two months later, she commenced the instant action. She sued LSA and Kozak alleging four section 1983 claims and one state law claim, which asserted a violation of section 853 of New York’s Real Property Actions and Proceedings Law (“RPAPL”).
 
 See Baker v. Latham Sparrowbush Assocs.,
 
 808 F.Supp. 981, 990 (S.D.N.Y.1992). LSA moved for summary judgment and dismissal of the complaint on res judicata grounds, arguing that Gloria’s claims were barred by the default judgment. Alternatively, it moved for dismissal for failure to state a claim.
 
 Id.
 
 at 987.
 

 The district court rejected LSA’s res judi-cata argument relying on our 1991 holding that the constitutional challenge to the default judgment had not been resolved.
 
 Id.
 
 at 986. The court nonetheless dismissed the federal section 1983 claims and the state RPAPL section 853 claim with prejudice on statute of limitations grounds.
 
 Id.
 
 at 992. Although the district court concluded that no state causes of action, other than the section 853 claim, were alleged in the complaint, it held that four such causes of action were discussed in Gloria’s brief filed in opposition to LSA’s motion to dismiss. It therefore granted leave to Gloria to amend her complaint to incorporate these causes of action.
 
 Id.
 
 at 989-90, 992.
 

 Gloria filed an amended complaint that repleaded all of her claims in language almost identical to that of the original complaint, including the section 1983 and RPAPL section 853 claims that had been dismissed with prejudice. The district court described this conduct as “a transparent effort to avoid the court’s prior decision dismissing these claims under the statute of limitations,”
 
 Baker v. Latham Sparrowbush Assocs.,
 
 808 F.Supp. 992, 997 (S.D.N.Y.1992). The court continued, “Rule 15(a) does not permit a party to file an amended complaint as of right after the court dismisses the complaint with prejudice on a Rule 12(b)(6) motion.”
 
 Id.
 
 Although the court thus concluded that Gloria’s repleading of the section 1983 and RPAPL section 853 claims was improper, it proceeded to address them in order “to put an end to the matter.”
 
 Id.
 
 at 998. After so doing, it dismissed these two claims again as barred by the statute of limitations.
 
 Id.
 
 at 1000. The court also dismissed Kozak as a defendant.
 
 Id.
 
 at 1004.
 

 The district court then reviewed Gloria’s principal state claim, that the lease’s termination clause violated New York’s rule against perpetuities. The court stated that it did not and denied Gloria’s motion for summary judgment on this claim.
 
 Id.
 
 at 1004-12. The court then ordered Gloria to notify the court by September 28, 1992 as to which of the remaining state law claims she wished to pursue.
 

 Three days before the September 28th deadline, Gloria moved for an interlocutory appeal on the rule against perpetuities claim. Thereafter, on October 9,1992, LSA sent the first of three letters to the district court and to Leon requesting that Gloria’s remaining state claims be barred because she failed to comply with the court-imposed September 28th deadline. On October 27, 1992, LSA
 
 *252
 
 sent a second letter to Judge Motley with a copy to Leon, requesting again that the Judge “dismiss the Amended Complaint in its entirety” for Gloria’s failure to comply with Judge Motley’s order. On April 8,1993, after LSA had made this request for the third time, the district court agreed with LSA and dismissed the state law claims at issue. Gloria moved to vacate this decision pursuant to Fed.R.Civ.P. 60(b), but the motion was stayed pending the outcome of the interlocutory appeal. Although Judge Motley certified the rule against perpetuities issue for appeal to this Court, we declined to hear the interlocutory appeal. On October 28, 1994, the district court denied Gloria’s Rule 60(b) motion and dismissed the complaint in its entirety with prejudice. This appeal followed. We affirm.
 

 Under well-settled principles of law, this Court may affirm whenever the record is sufficient to permit its conclusions of law, regardless of whether our reasoning differs from that of the court below.
 
 Chesley v. Union Carbide Corp.,
 
 927 F.2d 60, 68 (2d Cir.1991). In the instant case, our affirmance is based on alternative grounds. One of them involves a combination of limitation period expirations and failure to prosecute. The other is the res judicata effect of the 1985 default judgment.
 

 THE STATUTE OF LIMITATIONS
 

 As the district court correctly held, federal courts sitting in New York must apply a three-year limitation period to section 1983 claims. 808 F.Supp. at 990. LSA’s default judgment was secured in 1985, and CIT’s appeals from that judgment terminated the following year when the New York Court of Appeals denied leave to appeal from the Appellate Division’s affirmance of the judgment. 67 N.Y.2d 736, 500 N.Y.S.2d 100, 490 N.E.2d 1226 (1986). CIT’s bankruptcy attack on the state judgment in 1986 terminated in 1987, with this Court’s affirmance of the district court’s order. 831 F.2d 283. To the extent that Gloria seeks relief under section 1983, the instant action, commenced in 1991, clearly is time-barred.
 

 There is no merit in Gloria’s contention that the automatic stay of CIT’s bankruptcy proceedings tolled the running of the limitations period as to her. Both the bankruptcy court and this Court have held that CIT’s interest in the Sparrowbush leasehold terminated prior to CIT’s resort to the bankruptcy court and therefore was not property of CIT’s bankruptcy estate. The automatic stay did not preclude Gloria from pursuing the interest against LSA that she now seeks to establish. The statute of limitations does.
 

 The district court correctly applied the same reasoning to Gloria’s pendent state cause of action based on RPAPL section 853 precluding wrongful eviction, which has at most a three-year limitation period. 808 F.Supp. at 992.
 

 FAILURE TO PROSECUTE
 

 The district court’s dismissal of Gloria’s remaining state law claims, based upon Gloria’s failure to comply with the September 28, 1992 deadline pursuant to the district court’s order, did not constitute an abuse of discretion in this much prolonged litigation. Attached to LSA’s October 9, 1992 letter requesting dismissal was an eight-page appendix outlining the litigation’s extended history. The letter contained the following pertinent disclosure:
 

 Indeed, we respectfully submit that the extraordinarily tortured history of this litigation is further evidence that plaintiff is not really interested in terminating the litigation.
 
 See
 
 the Appendix attached hereto highlighting the actions taken by plaintiff and CIT to unnecessarily prolong this litigation. The actions referred to there — in particular, the numerous separate actions; and over thirty-five motions for reargument and reconsideration, for stays of actions, for leave to amend pleadings, for leave to appeal; or appeals— make clear that Leon Baker has fulfilled the threat he made to Aaron Kozak eight years ago that Mr. Kozak and/or LSA would have to incur $1,000,000 in legal fees defending LSA’s right to terminate the leasehold (and at comparatively negligible out-of-pocket costs to Baker, acting as his own counsel), and demonstrates the huge amount of time which the Courts have had
 
 *253
 
 to devote to litigation of the same issues repeatedly in this matter.
 

 On April 8, 1993, after LSA made its third request for dismissal, the district court denied Leon’s request to be relieved of his default and refused to accept an amended complaint. Final judgment dismissing Gloria’s complaint in its entirety was granted on October 28, 1994 and filed on October 31, 1994.
 

 In view of the relief requested in LSA’s three letters to Judge Motley and the tortuous history of the litigation outlined therein, Leon, an experienced lawyer, cannot reasonably deny knowledge of the potential for dismissal resulting from his delaying tactics.
 
 See Link v. Wabash R.R.,
 
 370 U.S. 626, 632, 82 S.Ct. 1386, 1389-90, 8 L.Ed.2d 734 (1962). When Leon’s lack of response to Judge Motley’s order is viewed in the light of the litigation’s history, the default judgment in the countervailing case of
 
 Latham Sparrowbush Assocs. v. Cohoes Indus. Terminal, Inc.,
 
 114 A.D.2d 584, 494 N.Y.S.2d 195 (1985), and the consistent findings of prior courts that Gloria had no interest whatsoever in the Sparrowbush leasehold, Judge Motley cannot be held to have abused her discretion in refusing to allow a delayed amendment.
 
 See Peart v. City of New York,
 
 992 F.2d 458, 461-63 (2d Cir.1993);
 
 Chira v. Lockheed Aircraft Corp.,
 
 634 F.2d 664, 666-68 (2d Cir.1980);
 
 Bristol Petroleum Corp. v. Harris,
 
 901 F.2d 165, 167-69 (D.C.Cir.1990).
 

 We make this decision with full cognizance of our traditional reluctance to approve dismissals on the merits for lack of prosecution. As in
 
 Bristol, supra,
 
 901 F.2d at 167 “this is not a case of an unwitting litigant being made to suffer for the sins of her attorney.” Gloria and Leon have proceeded hand in hand in the litigation with LSA since it was commenced in 1985. Witness, for example, CIT’s 1991 assignment of all its rights to Gloria despite the consistent prior holdings that she had no interest in the Sparrowbush leasehold. There comes a time when litigants’ efforts to sidestep adverse rulings must cease. The district court’s decision to bring to an end the protracted history of such efforts by Leon and Gloria was not an abuse of its discretion.
 
 [2]
 
 We now turn to the alternate issue of due process.
 

 THE SERVICE OF PROCESS
 

 Resolution of the issue of valid service of process must of necessity begin with the decisions of New York State courts holding that proper service was made. As pointed out above, the Appellate Division, Third Department, found that Leon Baker, CIT’s counsel and president, actually received a copy of the summons and complaint and affidavit of service before the time to answer had expired. This finding was made in response to CIT’s motion to vacate the default judgment, and directly determined a fact put in issue by CIT.
 
 See Latham Sparrowbush, supra,
 
 114 A.D.2d at 584, 494 N.Y.S.2d 195. Since the Supreme Court’s decision in the seminal case of
 
 Southern Pacific Railway Co. v. United States,
 
 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897), the law has been clear that a “right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies.”
 
 See, e.g., Montana v. United States,
 
 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979);
 
 Merrill v. Town of Addison,
 
 763 F.2d 80, 83 (2d Cir.1985).
 

 The bankruptcy court correctly applied this established law.
 
 In re Cohoes, supra,
 
 62 B.R. at 376 (“[T]he questions of jurisdiction and due process were litigated in the state where it was held that [CIT] had actual notice in time to defend.”). The district court followed suit. 70 B.R. at 219. As stated above, it was in this posture that the ease came to our Court and we affirmed by unpublished order, holding that CIT no longer had a legal interest in the leasehold.
 
 See
 
 831 F.2d 283 (2d Cir.1987). Rule 0.23 of the Second Circuit’s Rules Relating to the Organization of the Court provides that statements in summary dispositions “shall not be cited or otherwise used in unrelated cases before this or any other court.” The corollary of this Rule would appear to be that
 
 *254
 
 such statements can be cited in related cases.
 
 See
 
 Hon. George C. Pratt,
 
 Forward: Summary Orders in the Second Circuit Under Rule 0.23,
 
 51 Brook.L.Rev. 479, “Table A” at 499 (1985). Here, there is a close relationship in the cases. Gloria, as assignee of CIT, stands in its shoes.
 
 See Citibank, N.A v. Tele/Resources, Inc.,
 
 724 F.2d 266, 269 (2d Cir.1983). If, in fact, Gloria was the “undisclosed principal” of CIT, the relationship between the two would be equally close. Under the circumstances, we find the following comments in
 
 Furman v. United States,
 
 720 F.2d 263, 265-66 (2d Cir.1983), particularly applicable:
 

 The fact that a disposition is by informal summary order rather than by formal published opinion in no way indicates that less than adequate consideration has been given to the claims raised in the appeal. Rule 0.23 contemplates that prior to the decision to proceed by summary order the panel will have considered the parties’ claims, evaluated them in light of existing precedent, reached a unanimous decision as to the proper outcome of the appeal, and concluded unanimously that a formal written opinion on the issues raised would not enhance existing jurisprudence. When the panel has reached this conclusion, it issues a summary order which usually contains, unless the appeal is entirely frivolous, a statement as to the rationale for the ruling on the appeal. Such statements range from a one-sentence adoption of the ruling of the district court to a several-page, item-by-item listing of the appellant’s contentions and the panel’s reasons for their rejection....
 

 In each case, the Court’s ruling is issued after due consideration of the merits of the appeal, and the judgment entered determines, either explicitly or implicitly, all issues raised in the appeal.
 

 Assuming for the sake of argument that the instant appeal was our first exposure to LSA’s claim of res judicata, we nonetheless would reach the same result. As pointed out in footnote 1,
 
 supra,
 
 New York courts utilize the transactional approach to res judicata, which bars litigation, not only of issues litigated in a prior action, but also issues that might have been litigated. If Leon and Gloria believed that the service of process in the 1985 Albany County action violated their due process rights, they could have, and should have, said so. Evaluating the denial of their due process argument as if they may now say so, we still hold that the denial was fully justified.
 

 For parties to be bound by the results of a proceeding, due process requires “ ‘notice reasonably calculated, under the circumstances, to apprise [them] of the pendency of the action and afford them the opportunity to present their objections.’”
 
 Peralta v. Heights Medical Ctr, Inc.,
 
 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988) (quoting
 
 Mullane v. Central Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). There is “no rigid formula as to the kind of notice that must be given; notice required will vary with circumstances and conditions.”
 
 Walker v. City of Hutchinson,
 
 352 U.S. 112, 115, 77 S.Ct. 200, 202, 1 L.Ed.2d 178 (1956). If a party receives actual notice that apprises it of the pendency of the action and affords an opportunity to respond, the due process clause is not offended.
 
 United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler,
 
 972 F.2d 472, 482 (2d Cir.1992);
 
 Lehner v. United States,
 
 685 F.2d 1187, 1190-91 (9th Cir.1982),
 
 cert. denied,
 
 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983);
 
 United States v. One 1971 BMW 4-Door Sedan,
 
 652 F.2d 817, 822 (9th Cir.1981);
 
 Wiren v. Eide,
 
 542 F.2d 757, 762 (9th Cir.1976).
 

 Corporations in virtually every state are required to appoint a registered agent upon whom service of process may be made.
 
 See
 
 1 Model Business Corporation Act Annotated § 501, 3 ed. 1995 supp., Statutory Comparison (2). This, we think, evidences a general reasonable belief that the proper service of process upon the agent will be effective service upon the corporation. New York designates the Secretary of State as agent for service of process for all corporations. Section 306 of N.Y.Bus.Corp.L. provides in substance that service of process on the Secretary of State as the agent for a corporation shall be made by delivering duplicate copies of the process to the Secretary of State. The
 
 *255
 
 Secretary is directed to promptly send one of the copies by certified mail, return receipt requested, to the corporation at the post office address on file with his department. However, the statute provides: “[sjervice of process on such corporation shall be complete when the secretary of state is so served.”
 

 In the instant ease, service of the summons and complaint in the Albany County action was made upon the Secretary of State as required by the state statute. The Secretary of State forwarded the pleadings to the address on file in his office and the only reason service was not timely received by that route is that the corporation failed to update its filing to reflect its new address. Because the method of service provided in section 306 and utilized by LSA was “reasonably calculated” to notify CIT of the institution of suit, it satisfied the requirements of due process.
 
 See Mullane v. Central Hanover Bank & Trust Co., supra,
 
 339 U.S. at 314, 70 S.Ct. at 657;
 
 Milliken v. Meyer,
 
 311 U.S. 457, 463, 61 S.Ct. 339, 342-43, 85 L.Ed. 278 (1940);
 
 Weigner v. City of New York,
 
 852 F.2d 646, 649 (2d Cir.1988),
 
 cert. denied,
 
 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989);
 
 Katzson Bros., Inc. v. United States Envtl. Protection Agency,
 
 839 F.2d 1396, 1400 (10th Cir.1988);
 
 Day v. J. Brendan Wynne, D.O., Inc.,
 
 702 F.2d 10, 11 (1st Cir.1983);
 
 Stateside Mach. Co. v. Alperin,
 
 591 F.2d 234, 241 (3d Cir.1979). In short, if as here a “[plaintiff] employs a procedure reasonably calculated to achieve notice, successful achievement is not necessary to satisfy due process requirements.”
 
 Katzson Bros., supra,
 
 839 F.2d at 1400.
 

 In rejecting the dispositive effect of the above consistent holdings, the district court relied on Gloria’s allegation that LSA knew that CIT would not receive notice of the action because CIT’s address on file with the Secretary of State was not current or accurate. 808 F.Supp. at 987. This allegation, made solely upon information and belief and without any supporting evidentiary facts, was squarely denied by Aaron Kozak, LSA’s general partner, and David M. Siegal, LSA’s attorney. It therefore should have played no role whatsoever in the summary judgment proceedings. Fed.R.Civ.P. 56(e).
 
 See Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.,
 
 339 U.S. 827, 831 & n. 4, 70 S.Ct. 894, 896 & n. 4, 94 L.Ed. 1312 (1950);
 
 Gatling v. Atlantic Richfield Co.,
 
 577 F.2d 185, 188 (2d Cir.), cert.
 
 denied,
 
 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978);
 
 United States v. Bo-surgi,
 
 530 F.2d 1105, 1111-12 (2d Cir.1976).
 

 Moreover, copies of these papers were delivered to Leon in the companion Westchester County action, which involved the same or related parties and the same issues. As pointed out
 
 supra,
 
 Leon was the organizer, president and controlling officer of CIT, his wholly-owned corporation. His knowledge of the Albany County action was the knowledge of CIT. “Where the organizer and promoter of a corporation is also its sole owner, his or her knowledge is its knowledge.” 3
 
 Fletcher, Cyclopedia of Corporations
 
 § 814 at 96 (perm. ed. rev’d vol. 1986). “The knowledge of a director, officer, sole shareholder or controlling person of a corporation is imputable to that corporation.”
 
 Donovan v. Schmoutey,
 
 592 F.Supp. 1361, 1399 (D.Nev.1984).
 
 See Makofsky v. Ultra Dynamics Corp.,
 
 383 F.Supp. 631, 640 (S.D.N.Y.1974);
 
 Matter of Brown,
 
 252 N.Y. 366, 375-78, 169 N.E. 612 (1930);
 
 Keen v. Keen,
 
 113 A.D.2d 964, 966, 493 N.Y.S.2d 636 (1985) (mem.),
 
 appeal denied,
 
 67 N.Y.2d 646, 499 N.Y.S.2d 683, 490 N.E.2d 550 (1986);
 
 Texaco, Inc. v. Weinberg,
 
 13 A.D.2d 1002, 216 N.Y.S.2d 588 (1961) (mem.);
 
 Richmond Hill Realty Co. v. East Richmond Hill Land Co.,
 
 246 A.D. 301, 305, 285 N.Y.S. 424 (1936). The fact that notice was brought home to CIT in a companion proceeding does not make it any the less effective.
 
 See In re Price,
 
 871 F.2d 97, 99 (9th Cir.1989). Here, Leon, CIT’s president and counsel, knew that if LSA succeeded in the Albany County action, which was brought in the proper county, his Westchester County action was bound to fail. CIT having received actual notice of the Albany County action in ample time to appear and protect its interest therein cannot now claim that service upon it was constitutionally defective.
 
 [3]
 
 Inasmuch- as the state
 
 *256
 
 court default judgment is valid, it is res judicata as to all claims and counterclaims that could have been brought in the earlier action.
 
 Action Pictures, Inc. v. Films Around the World, Inc.,
 
 202 A.D.2d 188, 608 N.Y.S.2d 211 (1994);
 
 Silverman v. Leucadia, Inc.,
 
 156 A.D.2d 442, 443-44, 548 N.Y.S.2d 720 (1989).
 

 In view of our present affirmance on other grounds, we need not pass upon the district court’s treatment of the rule against perpetu-ities.
 

 The judgment of the district court is affirmed.
 

 [1]
 

 . The 1991 panel apparently did not know that the reason the New York courts did not reach the question of due process was because CIT did not argue it. CIT contended simply that CIT was not served by personal delivery of the summons and complaint and, therefore, the refusal to vacate the default judgment was "an abuse of discretion.” New York follows the transactional approach to res judicata.
 
 See Matter of Village of Johnson City
 
 v.
 
 Bolas,
 
 157 A.D.2d 1009, 1010, 550 N.Y.S.2d 494 (1990) (mem.). Under well-established New York law, res judicata bars litigation not only of issues litigated in a prior action, but also issues that might have been litigated in that action.
 
 See Israel v. Wood Dolson Co.,
 
 1 N.Y.2d 116, 118, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956). Had the 1991 panel addressed the merits of CIT's jurisdictional argument, the likelihood is that it would have felt bound by the doctrine of res judicata to reject it.
 
 See Migra v. Warren City School Dist. Bd. of Educ.,
 
 465 U.S. 75, 80-81, 104 S.Ct. 892, 895-96, 79 L.Ed.2d 56 (1984);
 
 American Surety Co. v. Baldwin,
 
 287 U.S. 156, 166-67, 53 S.Ct. 98, 101-02, 77 L.Ed. 231 (1932).
 

 [2]
 

 . Judge Jacobs would dispose of the state law claims solely on res judicata grounds.
 

 [3]
 

 . The cases cited by the district court, 808 F.Supp. at 988, do not mandate a holding to the
 
 *256
 
 contrary.
 
 City of New York v. New York, N.H. & H.R. Co.,
 
 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), involved a failure to comply with a statutory requirement.
 
 Wuchter v. Pizzutti,
 
 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928), was decided on long-arm jurisdiction rather than notice grounds.
 
 Sterling v. Environmental Control Bd. of New York,
 
 793 F.2d 52 (2d Cir.),
 
 cert. denied,
 
 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986), involved a constitutional challenge to the statute itself.