■ NANCY KANE, Respondent, v SDM ENTERPRISES, INC., Appellant, et al., Defendants. [5 NYS3d 182]—

In an action, inter alia, to recover damages for personal injuries and injury to property, the defendant SDM Enterprises, Inc., appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), entered March 26, 2014, which denied its motion for summary judgment limiting the plaintiff's damages.

Ordered that the order is affirmed, with costs.

The complaint alleges, among other things, that the defendant SDM Enterprises, Inc. (hereinafter SDM), rented an apartment to the plaintiff knowing that it was infested with bedbugs and without informing the plaintiff of the infestation. The complaint further alleges that SDM's conduct was intentional

and demonstrated a "reckless disregard" for the plaintiff's health and property, and that SDM's conduct in failing to inform the plaintiff of the infestation and in failing to eradicate the bedbugs violated the Administrative Code of the City of New York §§ 27-2018 and 27-2018.1 (a).

On its motion for summary judgment limiting the plaintiff's damages, SDM contended that the plaintiff failed to make diligent efforts to mitigate her damages. Specifically, SDM asserted that, on July 14, 2011, it offered the plaintiff the opportunity to vacate the apartment without any repercussions and with a full refund of the money that she had already paid pursuant to the lease. SDM asserted that since the plaintiff decided to remain in the apartment beyond July 14, 2011, it was not liable for any damages that the plaintiff accrued beyond that date. In support of its motion, SDM submitted the transcript of the plaintiff's deposition testimony and the affidavit of its principal, Salvatore Mendiola, which demonstrated that the plaintiff moved into the subject apartment on July 1, 2011, and that on July 14, 2011, after the plaintiff had complained to SDM about the bedbug infestation, SDM offered the plaintiff the option to forfeit the lease and to refund the plaintiff her money.

Because the plaintiff alleges that she sustained injuries as a result of SDM's reckless and intentional conduct, SDM failed to establish, prima facie, that the plaintiff had the "obligatory burden to endeavor to avert [the] injurious consequences" of SDM's conduct, i.e., a duty to mitigate damages (*Den Norske Ameriekalinje Actiesselskabet v Sun Print. & Publ. Assn.*, 226 NY 1, 9-10 [1919]; *see Richmond Hill Realty Co. v East Richmond Hill Land Co.*, 246 App Div 301, 304 [1936]).

In any event, even if the plaintiff had a duty to mitigate damages, the Supreme Court properly determined that SDM failed to meet its prima facie burden of establishing that the plaintiff did not make diligent efforts to mitigate her damages, and the extent to which such efforts would have diminished those damages (*see Eskenazi v Mackoul*, 72 AD3d 1012, 1014 [2010]; *LaSalle Bank N.A. v Nomura Asset Capital Corp.*, 47 AD3d 103, 107-108 [2007]). SDM failed to establish, prima facie, that the plaintiff would not have been subject to "*unreasonable risk or expense*" by forfeiting her lease and attempting to find another apartment, after having already been exposed to a bedbug infestation (*Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d 203, 213 [1980]).

Accordingly, since SDM failed to establish its prima facie entitlement to summary judgment limiting the plaintiff's dam-

ages, the Supreme Court properly denied its motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.