SUMMARY ORDER
John Tallman appeals the summary judgment of the United States District Court for the Western District of New York (Schroeder, M.J.), entered November 30, 2007, in favor of the defendants County of Chautauqua (the “County”), Robert Berke, acting individually and as Commissioner of Health of the County of Chautauqua Department of Health (“County DOH”), and the Sherman Central School District (collectively “defendants”).
We assume the parties’ familiarity as to the facts, the procedural context, and the specification of appellate issues.
“We review an award of summary judgment de novo, and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law.” Global Network Commc’ns, Inc. v. City of N.Y., 562 F.3d 145, 150 (2d Cir.2009). To prove that the defendants were liable under 42 U.S.C. § 1983, Tallman must first prove that he was “depriv[ed] of [a] right[], privilege[], or immunitfy] secured by the Constitution and laws ... *94 17.” 42 U.S.C. § 1983. Tallman argues that his due process rights secured by the Fourteenth Amendment were violated by Berke’s summary order to cease using the boiler without a pre-deprivation hearing and by the alleged lack of sufficient process given to him after he filed for an extension of time to comply with the order.
“The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in ‘property’ or ‘liberty.’ Only after deprivation of a protected interest do we look to see if the State’s procedures comport with due process.” Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (citations omitted). “Property interests [and entitlements] are created, and their dimensions defined, by state law.” RR Vill. Ass’n, Inc. v. Denver Sewer Corp., 826 F.2d 1197, 1201 (2d Cir.1987). Tallman argues that he has a “fundamental right” to “the use and enjoyment of his home” that is “honored in all 50 states” and “does not need a specific legislative act to be recognized as a property right.” Appellant’s Br. at 15. Regardless of whether such a right exists, Tallman himself demonstrated that, even after he stopped operating his wood boiler, he was still able to “use and enjo[y]” his home by heating it with natural gas, as he did prior to November 2003. Thus, the evidence submitted by Tallman himself establishes that he has not been deprived of a “fundamental right.”
Assuming without holding that Tallman’s operation of the boiler was lawful absent the determination by Berke that the smoke from the boiler constituted an illegal health hazard under New York Pub-lie Health Law section 12, Tallman may have a state entitlement to notice and a hearing on the issue of whether his boiler caused a nuisance to the Sherman County School (the “School”).[1] However, a public official’s failure to follow state law procedures (none of which Tallman claims are constitutionally suspect) is not equivalent to a federal constitutional injury. Any such claim is properly pursued in state court. See Island Park, LLC v. CSX Transp. and Consol. Rail Corp., 559 F.3d 96, 109-10 (2d Cir.2009).
Tallman claims that New York Public Health Law section 16 is unconstitutional as written “because of a nonexistence of fair and consistent procedures and failure to provide adequate notice of rights.” Appellant’s Br. 31. Section 16 authorizes the New York State Commissioner of Health (the “Commissioner”) to determine that a fifteen-day delay in the cessation of a health law violation would be a “danger to the public” but also requires the Commissioner to hold a formal hearing “[a]s promptly as possible.” N.Y. Pub. Health L. § 16. The inquiry here “is not whether a cessation order should have been issued in a particular case, but whether the statutory procedure itself is incapable of affording due process.” Hodel v. Va. Surface Mining & Reclamation Ass’n, 452 U.S. 264, 302, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981). The statute affords that Tallman was entitled to a hearing as promptly as possible after his deprivation. New York Public Health Law section 12-a details the hearing to which Tallman was entitled. Therefore, New York Public Health law section 16 is not unconstitutional as written.
*95 Lastly, we hold that Tallman’s equal protection claim lacks merit as he has failed to demonstrate that Berke’s actions were “arbitrary” or in any way discriminatory. Engquist v. Or. Dep’t. of Agric., - U.S. -, 128 S.Ct. 2146, 2154, 170 L.Ed.2d 975 (2008); see Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Johnson, at the direction of Berke, asked the School’s employees to document the smoke. After reviewing the documentation, Berke determined that the smoke from Tallman’s boiler was entering the School and presented an immediate health risk to students and employees. This assessment conforms with Hughes’ expert testimony, and Tallman provides no contrary evidence that defendants’ actions were merely a pretext for unlawful discrimination.
Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

. Tallman argues that Berke does not have the authority to act under New York Public Health Law section 16 because he is not the State Commissioner of Health. See N.Y. Pub. Health Law § 2(b) (defining "commissioner” as "commissioner of health of the state of New York”). Because we hold that Tallman has no viable federal claims, we need not decide this issue of state law. See 28 U.S.C. § 1367(c).