*Morton v. County of Erie*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT: JOHN M. WALKER, JR.,
GERARD E. LYNCH,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

TED MORTON,

*Plaintiff-Appellant*,

v.                                                                      No. 18-3085-cv

COUNTY OF ERIE,

*Defendant-Appellee*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                    JEREMY A. COLBY, Lancaster, NY.

FOR APPELLEE:                     DANIEL A. SPITZER (Jessica L. Copeland, *on the brief*), Hodgson Russ LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ted Morton – a former Erie County legislator who was fined $500 by the Erie County Board of Ethics for filing a false financial disclosure form – appeals from a judgment of the district court (Wolford, *J.*) granting summary judgment to the County on Morton's federal due process claims and declining to exercise supplemental jurisdiction over his remaining state law claims.

We review a district court's summary judgment ruling *de novo*, *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017), and its decision to decline to exercise supplemental jurisdiction over state law claims for abuse of discretion, *Klein & Co.*

2

*Futures, Inc. v. Bd. of Trade of the City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Notice and Hearing

Morton contends that the Board violated his federal due process rights by failing to provide him with "notice of the charges against him or an opportunity to be heard after receiving such charges." Appellant's Opening Br. at 11.

"An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and [an] opportunity for [a] hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (internal quotation marks and citation omitted). Though "due process does not require actual notice, actual notice satisfies due process – so long as that notice 'apprises [a party] of the pendency of the action and affords [it] an opportunity to respond.'" *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 429 (2d Cir. 2011) (alterations in original) (quoting *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995)).

Here, the record demonstrates that Morton had actual knowledge of the pendency of the Board's action and investigation into his potential Code of Ethics violation and the consequences that could follow from such a violation. Indeed, even before the Board contacted him, Morton knew that there were problems with his initial disclosure form. He admitted to a local newspaper that he had incorrectly disclosed his debts on the form and wrote an unprompted letter to the Board on October 13, 2015, admitting to the same. The Board informed Morton's legislative assistant in November 2015 that it was "look[ing] into" Morton's incorrect financial disclosure form. Supplemental App'x at 23. Finally, Morton received a letter from the Board on December 7, 2015, referencing Morton's "attempt[]" to submit a revised disclosure, requesting additional documentation for the relevant debts and an explanation of when and how Morton learned of his mistake, and explicitly taking "no position at this time with respect to accepting any revised form and whether any violations of the Code of Ethics exist[]." App'x at 8.1. This evidence demonstrates that Morton had actual notice of the charge asserted against him and the evidence supporting it, thereby satisfying the due process notice requirement.

4

Morton resists this conclusion, asserting that he was entitled to a formal charging instrument akin to an indictment setting forth the precise charges brought. But such formalism is not required so long as the Board's procedures provided "notice reasonably calculated, under all the circumstances, to apprise [Morton] of the pendency of the action." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Because we conclude that the Board did in fact provide such notice, Morton's contentions to the contrary fail.

In addition to challenging the notice provided, Morton also asserts that he was denied a hearing on the charges once they were brought. In determining the sufficiency of pre-deprivation hearing procedures, *Mathews v. Eldridge* requires courts to weigh (1) "the private interest that will be affected," (2) "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

Here, Morton was provided with an opportunity to make a written submission to the Board in which he was free to raise all relevant issues of fact and

5

law concerning his filing of a false financial disclosure form. Morton also had the post-deprivation opportunity to file a request with the Board for reconsideration and to challenge the Board's decision through an Article 78 proceeding. Morton did seek reconsideration, raising his objections to the specific charges and findings of the Board – which the Board considered and denied – but chose not to pursue a remedy under Article 78. Morton nevertheless argues that the language of the Board's letter (requesting "information," App'x at 20) lulled him into believing that he did not need to present his case. We disagree. Although the Board's December 7, 2015 letter advised Morton that the Board was not taking a position at that time as to whether he had violated the Code of Ethics, it did invite him to make a submission explaining, among other things, "precisely when, from whom you learned of the error, and how you first learned that your form was in error." *Id.* at 8.1. This invitation presented Morton with the opportunity to raise all relevant issues of fact and law concerning his filing of a false financial disclosure form.

On balance, the *Eldridge* factors demonstrate that the process accorded to Morton was sufficient, especially given the available post-deprivation

6

opportunities.  *See Loudermill*, 470 U.S. at 545–46 (explaining that the pre-deprivation procedures can vary based on the nature of post-deprivation proceedings).  This conclusion is consistent with our decision in *Interboro Institute, Inc. v. Foley*, 985 F.2d 90 (2d Cir. 1993), in which we held that the opportunity to make written submissions on disputed issues of law and fact in conjunction with post-deprivation Article 78 review satisfied due process.  *Id.* at 93.  Accordingly, we find that Morton was afforded a meaningful opportunity to be heard that satisfied the requirements of constitutional due process.

## II.  State Law Violations and Supplemental Jurisdiction

Morton maintains that "[t]he Board's failure to comply with its Rules and Regulations constitutes a separate and independent violation of" federal due process.  Appellant's Opening Br. at 25.  Specifically, he asserts that the Board did not docket its investigation into his potential Code of Ethics violation, assign it a case number, or provide him with a copy of the County's Code of Ethics and the Board's rules and regulations.  He also contends that "Erie County Local Law 10-1989 is *ultra vires*, invalid, and unenforceable because it deviates from state law,

7

including General Municipal Law Section 812." *Id.* at 8, 41–45. He suggests that this, as well, is a violation of federal due process. *Id.* at 41.

A violation of state law procedure does not by itself give rise to a federal due process violation. *Tallman v. County of Chautauqua*, 335 F. App'x 92, 94 (2d Cir. 2009) (citing *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 109–10 (2d Cir. 2009)). Nevertheless, a violation of state procedure will give rise to a federal due process claim when "an individual [is] 'denied a fair forum for protecting his state rights.'" *McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990) (quoting *Atencio v. Bd. of Educ. of Penasco Indep. Sch. Dist. No. 4*, 658 F.2d 774, 779–80 (10th Cir. 1981)).

Here, any purported deviations from the Board's rules and the dictates of General Municipal Law Section 812 did not rise to the level of a violation of federal constitutional due process because those deviations did not deprive Morton of notice and an opportunity to be heard. As the district court properly noted, "once the constitutional minima have been satisfied . . . a state agency's non-compliance with promised, yet gratuitous procedural protections does not constitute a due process violation." App'x at 108 (internal quotation marks and citation omitted). Accordingly, because Morton was not denied a fair forum for protecting his state

8

rights and because the procedures afforded to Morton satisfied the constitutional minima of notice and an opportunity to be heard, any purported deviations by the Board from its own rules or from General Municipal Law Section 812 did not constitute a distinct violation of federal due process.

After granting summary judgment to the County on Morton's federal due process claims, the district court declined to exercise supplemental jurisdiction over Morton's state law due process and declaratory judgment claims. To the extent that Morton challenges that ruling, we see no error in the court's decision to decline to exercise supplemental jurisdiction.

Federal courts may exercise supplemental jurisdiction over state law claims in civil cases in which they have original jurisdiction. 28 U.S.C. § 1367. A "district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). However, after dismissing all original jurisdiction claims, a district court must reassess its jurisdiction over the remaining state law claims by considering

9

"judicial economy, convenience, fairness, and comity." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004).

Here, the district court properly considered these factors in declining to exercise supplemental jurisdiction. No discovery has yet occurred, so the court's refusal to hear Morton's state law claims will not engender substantial duplication of litigation efforts. Furthermore, properly allowing the state courts to consider Morton's state law claims – particularly his claim that County Law 10-1989 is "*ultra vires*, invalid, and unenforceable," Appellant's Opening Br. at 8 – would serve the interest of comity since the determination of complex state law claims in the first instance is better left to those courts. Finally, Morton fails to proffer any reason why the district court's refusing to hear his state law claims would lead to a substantial inconvenience or unfairness. Accordingly, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Morton's state law claims.

\* \* \*

10

We have considered Morton's remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11